**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marion Timothy FORBES,
Defendant–Appellant.**

No. 88–8591.

United States Court of Appeals,
Eleventh Circuit.

Sept. 29, 1989.

Davis Cohen, Savannah, Ga., for defendant-appellant.

Kathryn M. Aldridge, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before RONEY, Chief Judge, FAY, Circuit Judge, and ALLEN *, Senior District Judge.

RONEY, Chief Judge:

Defendant Marion Timothy Forbes pled guilty to aiding and abetting in the possession of counterfeiting plates, 18 U.S.C.A. §§ 2 & 474, and was sentenced under the federal sentencing guidelines to 12 months confinement and three years supervised release. He appeals his sentence, contending that the district court, *first*, misapplied the guidelines by denying him a two-level reduction as a minor participant and, *second*, failed to comply with Fed.R.Crim.P. 32(c)(3)(D)'s requirements concerning disputed facts in the presentence report. We affirm.

In December 1987, Forbes and codefendant David William Holt made counterfeit $100 bills on a printing press in Forbes's garage in Savannah, Georgia. In March 1988, they printed counterfeit $20 bills. FBI agents became aware of the counterfeit currency when it was discovered in financial transactions in Jacksonville, Florida and Charleston, South Carolina. This led to an investigation, which resulted in the arrests of Russell Stewart and Michael Caine in Jacksonville for passing counterfeit money.

Stewart cooperated with the FBI, told them Holt was the source of the counterfeit currency, and pointed out the garage where the printing press was located. Stewart did not know Forbes's name, but identified him as Holt's partner in the counterfeiting scheme. On April 1, 1988, agents obtained a search warrant for the garage, searched it, and found more than $25,000 in newly-printed, as yet uncut counterfeit United States currency. Holt and Forbes were arrested on the premises at that time.

Forbes stated that his role in the printing operation was to provide the paper, the press, and the location for the counterfeiting, but he denied any role in distributing the counterfeit money. He further denied knowing that Holt had printed more than $25,000 in currency on the morning of their arrests. Due to Forbes's nearness to the press at the time of his arrest and his recurring trips to the garage that morning, the arresting agent did not believe this claimed lack of knowledge.

The Grand Jury returned a five-count indictment charging Forbes and Holt with aiding and abetting each other in counterfeiting $27,500 in federal reserve notes on April 1, 1988 (Count I), possessing plates and other materials for counterfeiting (Count II), and counterfeiting $8,500 in counterfeit federal reserve notes in December 1987 (Count V). Counts III and IV pertained only to Holt, charging him with distributing counterfeit currency on two occasions.

Forbes and the Government reached a plea bargain. Under the agreement, Counts I and V would be dismissed, and Forbes would plead guilty to Count II. The Government and Forbes agreed that he should receive reductions in his guideline level for acceptance of responsibility and for having a minor role in the counterfeiting scheme. Forbes pled guilty, and a presentence report was prepared. The report concluded that he had not played a minor role. Both Forbes and the Government objected to this. The report further concluded that Forbes was aware of the large amount of currency printed on the morning of his arrest. Forbes objected to this reference in the presentence report.

At sentencing, the court allowed a reduction for acceptance of responsibility, found that Forbes had not played a minor role,

* Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation.

and did not consider for sentencing purposes the amount of currency counterfeited. The court offered to allow Forbes to withdraw his guilty plea, but he declined.

### Guidelines Application

Forbes argues that the district court misapplied the guidelines in refusing to give him a two-level reduction for his allegedly "minor" role in his offense.

■ A court of appeals has authority to review a sentence imposed under the guidelines to determine whether it is "imposed in violation of law," is an "incorrect application" of the guidelines, is "outside the range of the applicable sentencing guideline, and is unreasonable," or "was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable." 18 U.S.C.A. § 3742(d). The sentencing court's findings of fact must be accepted unless they are "clearly erroneous." *Id.* The court's determination of a defendant's role in a crime is a finding of fact to which the clearly erroneous test applies. *See United States v. Erves*, 880 F.2d 376, 380 (11th Cir.1989).

As a threshold matter, we question whether Forbes can show any prejudice resulting from the court's decision about the minor role claim. The guideline level under which he *was* sentenced and the one under which he claims he *should have been sentenced* had significant overlap in their sentencing ranges. The twelve-month sentence he received could have been imposed at either level. Indeed, the court stated that on the facts presented it probably would have given the same sentence no matter which level applied.

■ In any event, the court properly determined the guideline level. The court was not bound by the parties' stipulation. *Cf. United States v. Nunley*, 873 F.2d 182, 187 (8th Cir.1989) (stipulation that defendant accepted responsibility for her conduct did not bind the court to find acceptance of responsibility under Guidelines § 3E1.1). Under the sentencing guidelines, the district court is not bound by stipulations of fact, "but may with the aid of the presentence report, determine the facts relevant

to sentencing." Guidelines § 6B1.4(d). Otherwise, the Government and defendants, in the plea bargaining process, could by stipulation resolve crucial, disputed factual issues and thereby undercut the court's fact-finding function in guidelines application.

■ The Sentencing Commission considered the question thoroughly and concluded that "it is not appropriate for the parties to stipulate to misleading or non-existent facts, even when both parties are willing to assume the existence of such 'facts' for purposes of the litigation." Guidelines § 6B1.4, Commentary. Stipulations are encouraged to *aid*, but not to supplant, the sentencing court's fact-finding:

> Even though stipulations are expected to be accurate and complete, the court cannot rely exclusively upon stipulations in ascertaining factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information.

*Id.*

> The applicable guidelines state:
>
> § 3B1.2. Mitigating Role
>
> Based on the defendant's role in the offense, decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

In promulgating section 3B1.2, the United States Sentencing Commission intended for a "minor" participant to be one "less culpable than most other participants, but whose role could not be described as minimal." Guidelines § 3B1.2, Commentary, Application Note 3. These guideline provisions in section 3B1.2 were meant to designate a "range of adjustments for a defen-

dant who plays a part in committing the offense that makes him *substantially less culpable than the average participant."* *Id.,* Commentary, Background (emphasis added).

■ The district court was not clearly erroneous in finding that Forbes's involvement was more than that of a minor participant. Although Forbes's culpability apparently was less than Holt's, his involvement in the counterfeiting scheme was greater and his role more crucial than that of Stewart and Caine. Forbes provided the necessary materials, printing press, and location for the operation.

Thus, Forbes is not entitled to relief because of this claim.

### Presentence Report

■ Forbes next argues that the court violated Fed.R.Crim.P. 32(c)(3)(D) by not attaching to the presentence report written findings about the disputed matters of Forbes's role in the crime and his knowledge of the large amount of counterfeit currency which Holt printed on the morning of their arrests.

Rule 32(c)(3)(D) states:

If the comments of the defendant and the defendant's counsel or testimony or other information introduced by them allege any factual inaccuracy in the presentence investigation report or the summary of the report or part thereof, the court shall, as to each matter controverted, make (i) a finding as to the allegation, or (ii) a determination that no such finding is necessary because the matter controverted will not be taken into account in sentencing. A written record of such findings and determinations shall be appended to and accompany any copy of the presentence investigation report thereafter made available to the Bureau of Prisons or the Parole Commission.

The transcript of the sentencing hearing indicates that the district court found Forbes's role was not minor. The court further indicated that it was unaffected by the amount of counterfeit currency involved.

For guidelines purposes, the amount counterfeited in this case was irrelevant.

The base offense level was 9. Guidelines § 2B5.1(a). Normally, this would have been increased by 4 levels (to level 13) if the face amount of the items counterfeited was between $20,001 and $50,000. Guidelines §§ 2B5.1(b)(1) & 2F1.1(b)(1)(E). The level was automatically increased from 9 to 15, however, because Forbes was a defendant who "possessed or had custody of or control over a counterfeiting device or materials used for counterfeiting." Guidelines § 2B5.1(b)(2). Thus, the amount did not affect the applicable guideline level, and, according to the court's statement, did not affect the sentence imposed.

The district court made the appropriate findings under Rule 32(c)(3)(D) as to Forbes's role. The court stated its non-reliance on the disputed matter of Forbes's knowledge. Although the court failed to append these determinations to the presentence report, attaching such a written record is a "ministerial matter" which may be remedied without resentencing by attaching a copy of the sentencing hearing transcript to the presentence report. *United States v. Moran,* 845 F.2d 135, 138–39 (7th Cir.1988).

We uphold the sentence, and remand for the limited purpose of attaching a copy of the sentencing hearing transcript to the presentence report.

AFFIRMED and REMANDED.