**UNITED STATES of America, Appellee,**

v.

**Walter Carl WILLIAMS, Appellant.**

**No. 89–1439.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1989.

Decided Nov. 24, 1989.

Connie A. Newlin, Des Moines, Iowa, for appellant.

Ronald M. Kayser, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

PER CURIAM.

Walter Carl Williams pleaded guilty to one count of possession with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(ii) (1982 & Supp. V 1987). On appeal Williams asserts that the district court[1] erroneously failed to find that he was a "minor participant"

under section 3B1.2(b) of the Federal Sentencing Guidelines. We affirm.

Williams was arrested by Drug Enforcement Administration (DEA) agents at the Des Moines Airport carrying approximately 3500 grams of cocaine. At Williams' March 2, 1989, sentencing hearing, the district court received a presentence investigation report. *See* Fed.R.Crim.P. 32(c). Both Williams and the government objected to the recommendations of the report. Accordingly, the district court took evidence. *See* Fed.R.Crim.P. 32(c)(3)(D).

Williams, represented by counsel, initially offered no evidence on the issue of his status as a minor participant. The government offered documents, and the testimony of an arresting DEA agent, indicating Williams had made a trip to California and back on the day of his arrest and two similar quick turnaround trips to California during the two months prior to his arrest. The government also produced papers found on Williams when he was arrested which contained several phone numbers and a map to the home of a man the DEA agent characterized as a "documented cocaine trafficker." After hearing argument from both parties, the court concluded that Williams was not entitled to the minor participant reduction.

Thereafter the court heard evidence on the government's requests that Williams be denied reduction of his sentence for acceptance of responsibility and that he receive an increased offense level for obstruction of justice. Williams testified that the earlier round trips to California were not for the purpose of transporting drugs, that he was unaware of the amount of drugs he was carrying, and that his motive for his crime was to obtain money to keep his daughter in school. The district court thereafter denied the government's requests and ruled in favor of Williams on these issues. Williams now argues that his later testimony establishes facts that entitle him, in addition, to the minor participant reduction, and that the district court

---

1. The Honorable Harold D. Vietor, Chief Judge, United States District Court for the Southern District of Iowa.

erred in failing to reconsider its ruling in light of these facts.

A sentencing judge's determination of whether a defendant was a minor participant in a criminal enterprise under the Guidelines is essentially a factual finding which may not be reversed unless clearly erroneous. *See United States v. Nunley*, 873 F.2d 182, 187 (8th Cir.1989); *United States v. Buenrostro*, 868 F.2d 135, 137 (5th Cir.1989). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 541–42, 92 L.Ed. 746 (1948). The commentary to the Guidelines suggests that a minor participant (entitled to a two level reduction) is "any participant who is less culpable than most other participants, but whose role could not be described as minimal." Application Note 3 to Guidelines § 3B1.2. According to the commentary, examples of minimal participants (entitled to four level reductions) are persons who "played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or * * * where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs." Application Note 2 to Guidelines § 3B1.2.

▮ Applying these standards to the case at hand, we cannot say that the district court was clearly erroneous in its determination. A defendant's status as courier does not necessarily mean he is less culpable than other participants in a drug operation. *See Buenrostro*, 868 F.2d at 138. Although there is evidence to suggest that others may have been paying Williams to carry drugs, the record reveals no evidence establishing that Williams was any less culpable than those unidentified actors whose actual roles were unknown. *See Nunley*, 873 F.2d at 187 (extent of others' roles would have been mere conjecture). Therefore, we find no basis upon which to conclude that the district court erred in denying the reduction.

Moreover, the district court was presented with evidence that might have led it to doubt the credibility of Williams' testimony. For example, Williams' testimony that he was unaware of the substantial amount of cocaine he was carrying may have been cast in doubt by his admission that he was to receive $2000 for the trip. We must give due regard to the sentencing judge's opportunity to assess the credibility of witnesses. *See* 18 U.S.C. § 3742 (Supp. IV 1986).

Finally, the district court did not err in making an initial ruling on the minor participant issue before the later evidence was introduced. The record indicates that Williams was given ample opportunity throughout the sentencing hearing to make objections and arguments prior to the court's final imposition of sentence.

For these reasons, we find that the district court did not err in denying the defendant a minor participant reduction under the Sentencing Guidelines. We therefore affirm the sentence.