UNITED STATES of America, Appellee,

v.

Lloyd T. ELLIS, Appellant.

No. 89–2069.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 22, 1989.

Decided Dec. 1, 1989.

Lee Lawless, St. Louis, Mo., for appellant.

Mitchell Stevens, St. Louis, Mo., for appellee.

Before McMILLIAN, JOHN R. GIBSON and MAGILL, Circuit Judges.

PER CURIAM.

Lloyd T. Ellis appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon a guilty plea to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Ellis under the Sentencing Guidelines to a term of 46 months imprisonment to be followed by three years supervised release, and a special assessment of $50.00. For reversal, Ellis argues that the district court erred in declining to grant a two-point reduction in his offense level on the grounds that he was a minor participant, even though the district court found him less culpable than the other participant in the offense. For the reasons discussed below, we affirm the judgment of the district court.

On February 17, 1988, a confidential informant contacted Ellis for the purpose of obtaining cocaine. The informant was related to Ellis by marriage. On February 22, 1988, the informant telephoned Ellis, requesting him to deliver the cocaine, but Ellis refused. The next day, under a valid federal search warrant, law enforcement officers seized over one pound of cocaine in Ellis' home and placed him under arrest. Throughout the search, Ellis was cooperative with the officers, stating that he obtained the cocaine from Jim Tosti, his neighbor and employer. Ellis pled guilty to one count of possession of cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1).

---

1. The Honorable John F. Nangle, Chief Judge, United States District Court for the Eastern District of Missouri.

The Presentence Report recommended a two-point reduction for acceptance of responsibility, Guideline § 3E1.1, but recommended against any adjustment for a minor role in the offense, Guideline § 3B1.2. Ellis objected to the Presentence Report, maintaining that he was entitled to a two-point reduction for a minor role in the offense. The district judge declined to make a two-point reduction, stating that the facts did not justify a reduction even though the district court found Ellis was less culpable than the other person involved in the offense.

Guideline § 3B1.2(b) provides for a decrease in the offense level if the defendant is found to be a "minor participant" in the criminal activity.[2] Ellis argues that the district court should have awarded him a two-point downward adjustment as a "minor participant" after finding that he was less culpable than Jim Tosti, the only other participant in the offense. Ellis additionally contends that he qualified for a reduction under § 3B1.2 because he participated in the offense only at the request of a relative and did not profit personally from committing the offense.

## STANDARD OF REVIEW

We will review a sentence imposed by a district court pursuant to the standard set forth in 18 U.S.C. § 3742(e). We will reverse a sentence if it was "imposed in violation of law," or "as a result of an incorrect application of the sentencing guidelines," or if it is "outside the applicable guideline range, and is unreasonable." *Id.* This court "shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." *Id.*

■ The complexity of the Sentencing Guidelines requires district courts to make sophisticated factual determinations, including a defendant's status as a minor participant. *See United States v. Mejia–Orosco,* 867 F.2d 216, 221 (5th Cir.), *cert. denied,* ── U.S. ──, 109 S.Ct. 3257, 106

L.Ed.2d 602 (1989). Whether a defendant's role in the offense was minor for the purposes of Guideline § 3B1.2 is a factual determination and not a legal conclusion derived when applying the Sentencing Guidelines to factual determinations. *See United States v. Franco–Torres,* 869 F.2d 797, 801 (5th Cir.1989). Therefore, we will affirm the district court's finding that defendant was, or was not, a minor participant unless it is clearly erroneous. *See* 18 U.S.C. § 3742(e).

## ROLE IN THE OFFENSE

■ The record supports the district court's factual finding that Ellis was not a minor participant. At the sentencing hearing, the district judge found that Ellis "had more than a minor role in the offense" because he made arrangements for the distribution of the cocaine valued at $17,000. The fact that another participant supplied the drugs does not mean that Ellis' role was only minor. The district judge specifically found that although Tosti was Ellis' supplier, Ellis was not substantially less culpable than the average participant. Participants in the distribution of drugs often have distinct and independently significant roles. Those distinguishing factors will not always be relevant in determining sentences. *See United States v. Daughtrey,* 874 F.2d 213, 218 (4th Cir. 1989).

We reject Ellis' contentions that he should have been found to be a minor participant for purposes of Guideline § 3B1.2(b) because he did not profit from this transaction and only arranged it as a favor for a relative. His role in the offense is analogous to the role of a drug courier. The Fifth Circuit recently stated that the finding of minor participant status for the purpose of Guideline § 3B1.2 "turns upon culpability, not courier status." *United States v. Buenrostro,* 868 F.2d 135, 138 (5th Cir.1989). Additionally, the Fifth Circuit recognized that a defendant "may be a courier without being substantially less cul-

---

**2.** Section 3B1.2(b) of the Sentencing Guidelines provides: "Based on the defendant's role in the offense, decrease the offense level as follows:

... (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels."

pable than the average participant." *Id.* Here, Ellis agreed to participate fully in the distribution of cocaine.

In conclusion, we hold that the district court's finding that Ellis was not a minor participant is not clearly erroneous and that the district court did not err in refusing to apply a two-point offense level reduction for minor participant status.

Accordingly, the judgment of the district court is affirmed.