UNITED STATES of America, Appellee,

v.

Marcus GOEBEL, Appellant.

No. 89–1152.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1989.

Decided March 16, 1990.

---

James C. Delworth, St. Louis, Mo., for appellant.

Steven A. Muchnick, St. Louis, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, BRIGHT, Senior Circuit Judge, and FAGG, Circuit Judge.

JOHN R. GIBSON, Circuit Judge.

This appeal presents questions involving the interpretation and application of Sentencing Guideline section 3B1.2(b), which provides for two-level reduction in the offense level of a minor participant in criminal activity. Marcus Goebel, who pleaded guilty to illegally possessing counterfeit notes with the intent to defraud, 18 U.S.C. § 472 (1988), argues that he should have been sentenced as a minor participant. We conclude that the district court's [1] application of the Guideline section was not clearly erroneous and, therefore, affirm Goebel's sentence.

When Goebel was arrested, he possessed 147 counterfeit $100 bills. Goebel also admitted to law enforcement officers that $30,000 in counterfeit money was hidden in a barn. In the district court, Goebel argued that he was merely a minor participant in the counterfeiting activity undertaken by him and his brother because his brother not only organized the operation, but also possessed skills essential to manufacturing counterfeit notes, which Goebel lacked. The district court refused to treat Goebel as a minor participant, and Goebel argues on appeal that the court both misconstrued and misapplied section 3B1.2(b) of the Guidelines.

## I.

Section 3B1.2 of the Guidelines provides for a reduction in the offense level of minimal and minor participants in criminal endeavors. A minimal participant must be "plainly among the least culpable of those involved in the conduct of a group." United States Sentencing Commission, *Guide-lines Manual*, § 3B1.2(a), comment. (n. 1) (Nov.1989) [hereinafter U.S.S.G.]. A "defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." *Id.* However, because a minimal participant is entitled to a four-level decrease in offense level, *id.* § 3B1.2(a), the Guidelines state that:

> It is intended that the downward adjustment for a minimal participant will be used infrequently. It would be appropriate, for example, for someone who played no other role in a very large drug smuggling operation than to offload part of a single marihuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs.

*Id.* § 3B1.2, comment. (n. 2).

A minor participant, defined as "any participant who is less culpable than most other participants, but whose role could not be described as minimal," *id.* § 3B1.2, comment. (n. 3), receives only a two-level reduction in offense level. *Id.* § 3B1.2(b). Goebel concedes that he was not a minimal participant, but argues that he was a minor one.

Goebel makes a threshold argument that the district court erred in its interpretation of the minor participant standard in section 3B1.2(B). He argues that his conduct should be compared with that of his brother, the other participant in the counterfeiting. He expands this argument by stating that, while the application notes define a minor participant as "any participant who is less culpable than most other participants, but whose role could not be described as minimal," *id.* § 3B1.2, comment. (n. 3), the Presentence Report in this case stated that a minor participant must be "*substantially* less culpable than the *average* participant." (Addendum to Presentence Report at 1) (emphasis added). We first observe that this issue was not raised

---

**1.** The Honorable Clyde S. Cahill, United States District Judge for the Eastern District of Missouri.

either in Goebel's objections to the Presentence Report or at the sentencing hearing.[2] Ordinarily we do not review issues that are not raised in the district court. *Stafford v. Ford Motor Co.*, 790 F.2d 702, 706 (8th Cir.1986).

The record is also abundantly clear that the district court, in sentencing, compared Goebel's culpability to his brother's. The record before us thus provides no foundation on which his argument may be accepted.

Were it necessary to reach this issue, we observe that Judge Wilkins, the Chairman of the Sentencing Commission, has rejected a similar argument in a counterfeiting case by stating that:

> Whether Role in the Offense adjustments are warranted is to be determined not only by comparing the acts of each participant in relation to the relevant conduct for which the participant is held accountable, *see* Guideline § 1B1.3, *but also by measuring each participant's individual acts and relative culpability against the elements of the offense of conviction. The sentencing judge's knowledge of previous cases will likely aid in the final determination of whether, against this objective standard, a defendant's degree of participation in the offense warrants a Role in the Offense adjustment.*

*United States v. Daughtrey*, 874 F.2d 213, 216 (4th Cir.1989) (citations omitted and emphasis added).

Finally, we note that the supposedly objectionable language in the Presentence Report is identical to the Guidelines' statement that section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him *substantially less culpable than the average participant.*" U.S.S.G. § 3B1.2, comment. (backgr'd.) (emphasis added).

## II.

We have held that a district court determination as to whether a defendant is a minor or minimal participant in criminal activity is a question of fact that may be reversed only if clearly erroneous. *United States v. Ellis*, 890 F.2d 1040, 1041 (8th Cir.1989) (per curiam); *United States v. Williams*, 890 F.2d 102, 104 (8th Cir.1989) (per curiam); *United States v. Nunley*, 873 F.2d 182, 186–87 (8th Cir.1989). In neither *Ellis* nor *Williams*, which were per curiam opinions on cases submitted without oral argument, did we analyze the rationale for this holding in detail. Opinions from two other circuits, written by members of the Sentencing Commission, reach similar conclusions after extended discussion and analysis. *See Daughtrey*, 874 F.2d 213; *United States v. Wright*, 873 F.2d 437 (1st Cir.1989) (Breyer, J.). Judge Wilkins observed in *Daughtrey* that 18 U.S.C. § 3742(e) (1988) instructs appellate courts to "give due deference to the district court's application of the guidelines to the facts." 874 F.2d at 217 (quoting 18 U.S.C. § 3742(e)) (emphasis from *Daughtrey* removed). Moreover, he explained that the legislative history behind the adoption of section 3742(e) demonstrates that the meaning of "due deference" depends upon the type of determination being reviewed; determinations which are essentially factual should be reviewed under the clearly erroneous test, while rulings which are primarily legal should be subject to closer scrutiny. 874 F.2d at 217. Judge Wilkins then reasoned that since deciding whether someone is a minor or minimal participant is basically a factual inquiry requiring no legal interpretation of a guideline term, a district court's resolution of that question should be affirmed unless clearly erroneous. *Id.* at 218; *see Wright*, 873 F.2d at 443–44; *United States v. Mejia–Orosco*, 867 F.2d 216, 220–21 (5th Cir.), *cert. denied*, —— U.S. ——, 109 S.Ct. 3257, 106 L.Ed.2d 602 (1989); *see also* U.S.S.G. § 3B1.2, comment. (backgr'd.) (stating that deciding whether someone is a minimal or minor participant "involves a determination

---

**2.** Indeed, during the sentencing hearing, Goebel's counsel argued that Goebel "was less culpable than an average participant." (Tr. 8).

that is heavily dependent upon the facts of the particular case").

Accordingly, we must ask whether the district court's application of Guideline section 3B1.2(b) is clearly erroneous. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Williams*, 890 F.2d at 104 (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948)); *accord Anderson v. City of Bessemer City*, 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–13, 84 L.Ed.2d 518 (1985); *see also Maine v. Taylor*, 477 U.S. 131, 145, 106 S.Ct. 2440, 2450, 91 L.Ed.2d 110 (1986) (stating that the policies behind *Bessemer City* and Federal Rule of Civil Procedure 52(a) "all apply with full force in the criminal context, at least with respect to factual questions having nothing to do with guilt").

Goebel argues that, as a mere distributor of the counterfeit bills, he was a minor participant in the overall counterfeiting operation in which he played a part. We do not believe, as a general matter, that a distributor is less culpable than a manufacturer; adequate distribution is as essential to a counterfeiting scheme as is efficient production. Indeed, the defendant in *United States v. Forbes*, 888 F.2d 752 (11th Cir.1989), unsuccessfully vied for treatment as a minor participant by arguing that although he played a role in making counterfeit bills, he did not distribute them. *Id.* at 753–55.

While the minor participation inquiry is heavily dependent upon the facts of a particular case, we can obtain guidance from cases rejecting analogous arguments advanced by distributors and couriers of various types of contraband. Particularly illuminating is the *Daughtrey* court's conclusion that:

> in cases where fungible items such as counterfeit bills or drugs are involved, frequently only one participant will have access to the source. While the one having access to the source may prove to be more involved in criminal activity, it does

not require a minimal or minor Role in the Offense be assigned to those who fully participate in the distribution end of the scheme.

*Daughtrey*, 874 F.2d at 219. *See also Ellis*, 890 F.2d at 1041 (stating that even though "[p]articipants in the distribution of drugs often have distinct and independently significant roles," "[t]hose distinguishing factors will not always be relevant in determining sentences"); *Williams*, 890 F.2d at 104 (concluding that an individual's "status as courier does not necessarily mean he is less culpable than other participants in a drug operation"); *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989) (noting that "couriers are an indispensable part of drug dealing networks").

The district court, commenting upon the quantity of money, after discussion of the 147 counterfeit $100 bills in Marcus Goebel's possession and the $30,000 found in another building at his direction, concluded that he was not a minor participant, as defined in Guideline section 3B1.2. The district court's decision is not clearly erroneous, and we affirm its judgment.

BRIGHT, Senior Circuit Judge, concurring in the result.

While I concur in the result, I do so with misgiving. The record in this case discloses a questionable analysis of the minor participant issue by the probation officer preparing the presentence report, followed by the district court's conclusory statement at the sentencing hearing that "I don't think you can say that he is a minor participant. Anyone who would have that much [counterfeit] money is not,—as you surmised correctly, he only attempted to pass one or two bills, but did have the rest of them." Accordingly, I once again observe that the Sentencing Guidelines can and do produce disparate and unfair sentencing results among similar offenders where, as in this case, an essential factor in the application of the Guidelines rests upon a probation officer's subjective interpretation of a Guidelines section, which the sentencing court summarily adopts. *See United*

*States v. O'Meara,* 895 F.2d 1216, 1221–23 (8th Cir.1990) (Bright, J., dissenting).