UNITED STATES of America, Appellee,

v.

Janet PHILLIPPI, Appellant.

No. 89–1410.

United States Court of Appeals,
Eighth Circuit.

Submitted March 14, 1990.

Decided Aug. 15, 1990.

Neal Shapiro, Minneapolis, Minn., for appellant.

Lester A. Paff, Des Moines, Iowa, for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

HEANEY, Senior Circuit Judge.

Janet Phillippi appeals from a sentence of 124 months imprisonment for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841. We affirm.

## BACKGROUND

Phillippi was arrested in February 1988 outside a motel room in Bettendorf, Iowa, after receiving two kilograms of cocaine from Tracy Steele Penrod, a Drug Enforcement Administration (DEA) informant. Penrod, a courier in a cocaine distribution organization, had agreed to cooperate with drug enforcement officials after being arrested earlier that month in Garden Grove, California. Penrod received 9.5 kilograms of cocaine with written instructions for its delivery to Massachusetts, Missouri, and Iowa from the leader of the organization. In Iowa, Penrod contacted Phillippi and arranged to deliver two kilograms to her at the Holiday Inn in Bettendorf. DEA agents observed and videotaped the delivery, arrested Phillippi, and seized two one-kilogram packages of cocaine.

Phillippi was charged with one count of possession with intent to distribute two kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 2. Phillippi pleaded not guilty and received a jury trial. Penrod testified at trial that she had delivered cocaine to Phillippi on numerous occasions in 1986 and 1987. Penrod described two transactions in which she gave Phillippi two brown packages similar to those she delivered at the Holiday Inn in Bettendorf, and a third transaction in which she provided Phillippi with four kilogram packages of cocaine. In addition to describing these transactions, Penrod testified that she sold Phillippi cocaine every two months during 1986 and 1987.

The jury found Phillippi guilty. A presentence investigation report (PSI) prepared by the United States Probation Office estimated the total amount of cocaine Phillippi possessed at ten kilograms and calculated a base offense level of 32. Phillippi objected to the inclusion in the calculation of amounts of cocaine which Penrod testified she had delivered to Phillippi before the occasion on which Phillippi was arrested. Phillippi argued that only the

two kilograms of cocaine seized on her arrest should be considered, yielding a base offense level of 28. Phillippi also claimed that she should receive a reduction of either two or four points for being only a minor or minimal participant in the offense.

At sentencing, the district court found by a preponderance of the evidence, relying particularly on Penrod's testimony, that Phillippi had possessed at least ten kilograms of cocaine through transactions which were part of the same course of conduct as the offense of conviction. Additionally, the court found that Phillippi had been an average, rather than minor or minimal, participant in the offense. The base offense level for possession of 5–14.9 kilograms of cocaine is 32, which yields a sentencing range of 121–151 months for an individual with a criminal history category of I. Accordingly, the court sentenced Phillippi to 124 months imprisonment to be followed by four years of supervised release. Phillippi appeals.

## DISCUSSION

On appeal, Phillippi argues that the evidence at trial did not support the inclusion of ten kilograms of cocaine in the calculation of her base offense level for sentencing purposes.[1] She also claims that her position as a courier in the cocaine distribution organization entitled her to a two-point reduction in her base offense level as a minor participant in the offense.

### I.

The Sentencing Guidelines provide:

The conduct that is relevant to determining the applicable guideline range includes ... all acts and omissions committed or aided and abetted by the defendant ... that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense, or that otherwise were in furtherance of that offense[.]

---

1. Phillippi makes no due process challenge to the increase of her offense level based on possession of quantities of drugs not charged in the indictment. Rather, she asserts only that the government failed to prove by credible evidence that she actually possessed cocaine other than that seized on her arrest.

U.S.S.G. § 1B1.3(a)(1). The Commentary to section 1B1.3 notes that "in a drug distribution case, quantities and types of drugs not specified in the count of conviction are to be included in determining the offense level if they were part of the same course of conduct or part of a common scheme or plan as the count of conviction." *Id.*, background to commentary.

■ At the sentencing hearing, the district court found that the various cocaine deliveries about which Penrod testified were all part of a common scheme and that they involved at least ten kilograms.[2] We review such findings under the clearly erroneous standard. *United States v. Ehret,* 885 F.2d 441, 444 (8th Cir.1989).

■ At trial, Penrod described making two deliveries to Phillippi consisting of two packages of cocaine similar in size and appearance to the two one-kilogram packages seized on Phillippi's arrest. Penrod could not, however, pinpoint the dates of these transactions, testifying only that she thought they occurred about six months apart sometime in 1986. Additionally, Penrod's only testimony as to the quantity involved in these transactions was that the packages resembled those she delivered to Phillippi in February 1988. Penrod also described a delivery she made in December 1987 in which she gave Phillippi four kilograms of cocaine. Phillippi's first name and the number "4" also appeared on an envelope that Penrod had received from the leader of the distribution organization. Penrod testified that the envelope, which was entered into evidence, was a list of cocaine recipients and the quantities they were to receive on her December 1987 delivery trip.

The district court inferred from Penrod's testimony that the first two deliveries she described consisted of four kilograms of cocaine, and that these transactions were part of the same course of conduct as the

offense of conviction. These deliveries could have occurred as remotely as two years before Phillippi's arrest, and the only knowledge Penrod had regarding the quantities involved was her recollection that the heavily wrapped packages were about the same size as those she delivered in February 1988. Because Penrod's testimony did not clearly establish either the dates on which these deliveries were made or the amounts of cocaine delivered, the district court erred in including four kilograms from these transactions in the calculation of Phillippi's base offense level.

■ The remaining amounts of cocaine used to calculate Phillippi's base offense level were the two kilograms Phillippi had at the time of her arrest and the four kilograms Penrod delivered in December 1987. Penrod recalled both the time this delivery occurred and the quantity she delivered to Phillippi. The delivery list Penrod used on the December 1987 trip included Phillippi's name next to the number "4," and the transaction occurred only two months before Phillippi's arrest. In view of this evidence, the district court properly included four kilograms from this delivery in calculating Phillippi's base offense level. Although the district court should have used six, rather than ten, kilograms of cocaine in sentencing Phillippi, the base offense level for either amount is 32. Thus, Phillippi's sentencing range is 121–151 months regardless of which quantity is used. Phillippi's sentence of 124 months is squarely within this range, and the district court's inclusion of an additional four kilograms in the calculation of Phillippi's base offense level was harmless error.[3]

### II.

■ Phillippi also asserts that because she was merely a courier in the drug distribution organization, the district court erred in failing to reduce her base offense level by two points for being a minor participant in the offense.

---

**2.** The matter having proceeded to trial, the district court properly relied on the trial evidence, rather than on the PSI, in determining Phillippi's base offense level.

**3.** Phillippi also argues that the testimony of a co-participant in the offense who has become a

government witness is not sufficient evidence on which to base an increase in the quantity of drugs used for sentencing. We find this contention to be without merit. *See United States v. Ehret,* 885 F.2d at 444–45.

The Commentary to the Guidelines defines a "minor participant" as "any participant who is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2 commentary, application note 3. "A defendant's status as courier does not necessarily mean he is less culpable than other participants in a drug operation." *United States v. Williams*, 890 F.2d 102, 104 (8th Cir.1989) (citing *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir.1989)).

A sentencing court's determination that a defendant does not merit a reduction based on his role in the offense is a factual finding subject to the clearly erroneous standard of review. *See Williams*, 890 F.2d at 104. The district court based its finding that Phillippi was not a minor participant in the offense on the large quantity of cocaine she handled, on her responsibility for delivering and exchanging cash for cocaine on her own, and on her personal acquaintance with the leader of the organization. In view of these factors, the district court did not err in denying Phillippi a reduction in offense level as a minor participant.

### CONCLUSION

For the reasons stated above, we affirm the sentence imposed by the district court.