986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Scott A. SCHNEIDER, Appellant.
 No. 92-2855.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 13, 1993.
Filed: January 19, 1993.
 
 Before LOKEN, Circuit Judge, HANSEN, Circuit Judge, and MURPHY,* District Judge.
 PER CURIAM.
 
 
 1
 Scott A. Schneider appeals from the twenty-six-month sentence imposed on him by the district court[1] following his guilty plea to conspiring to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. § 846. He argues the district court erred in denying him a minor-participant sentencing reduction under U.S.S.G. § 3B1.2(b). We affirm.
 
 
 2
 Schneider objected to the presentence report's failure to grant him a reduction in his offense level for being a minor participant. He asserted that he was entitled to the reduction because he had no first-hand knowledge of his supplier's source or extent of dealings in marijuana; he personally purchased marijuana only from September through November 1988, even though the conspiracy occurred from July 1988 through October 1989; he normally purchased only small quantities of marijuana, and distributed it primarily to support his own habit; and his purchases of marijuana were only collateral to his supplier's involvement in cocaine distribution.
 
 
 3
 The district court overruled Schneider's objection to the denial of the minor-participant reduction, and Schneider now argues that the district court erred. He reasserts the arguments raised below in his written objections to the PSR. He also contends that he was far less culpable than his supplier and his supplier's source, and that his activities were even less substantial than the activities of defendants in certain other cases who had received minor-participant reductions.
 
 
 4
 The determination of whether a defendant should receive a reduction for a mitigating role is "heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2, comment. (backg'd.). We will not overturn a district court's denial of a sentencing reduction for being a minor participant in the offense unless it is clearly erroneous. United States v. Westerman, 973 F.2d 1422, 1428 (8th Cir. 1992). We conclude the district court's denial was not clearly erroneous.
 
 
 5
 Under the Guidelines, the fact that a defendant was less culpable than other participants does not entitle him to a reduction if he was otherwise "deeply involved" in the offense. United States v. West, 942 F.2d 528, 531 (8th Cir. 1991). Also, the fact that another participant supplied the drugs does not by itself indicate that a defendant's role was minor. United States v. Ellis, 890 F.2d 1040, 1041 (8th Cir. 1989) (per curiam). Here, Schneider admitted that he purchased a total amount of ten to fifteen pounds of marijuana from his supplier during a three-month period, and he resold it to others. Schneider had at least one regular customer who purchased quarter-ounce quantities from him every two weeks. Even if Schneider became involved in this drug distribution primarily to support his own drug use, the record indicates that he received economic benefit from his transactions. Schneider and his supplier had frequent contact, and they had developed a system for communicating when the supplier had marijuana available. Schneider had also seen the man he suspected was his supplier's source. These facts support the district court's finding. See United States v. Regan, 940 F.2d 1134, 1136 (8th Cir. 1991) (affirming denial of minor-participant reduction where defendant was deeply involved in transportation and handling of large quantity of drugs and cash, and received economic benefit from his involvement in conspiracy); United States v. Phillippi, 911 F.2d 149, 152 (8th Cir. 1990) (affirming denial of minor-participant reduction where defendant delivered large quantity of cocaine on her own and was personally acquainted with leader of organization), cert. denied, 111 S. Ct. 702 (1991); United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir. 1990) (per curiam) (recognizing this court may uphold district court's refusal to grant minor-participant reduction based solely on significant amount of drugs involved in offense).
 
 
 6
 Accordingly, we affirm.
 
 
 
 *
 The HONORABLE DIANA E. MURPHY, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation
 
 
 [1]
 The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska