994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Dennis L. PAULSEN, II, Appellant.
 No. 92-3515.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 10, 1993.
Filed: May 14, 1993.
 
 Before BOWMAN, WOLLMAN, and MAGILL, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dennis L. Paulsen, II, appeals from the sixteen-month sentence imposed by the District Court[1] following his guilty plea to bank fraud, in violation of 18 U.S.C. § 1344 (Supp. III 1991). We affirm.
 
 
 2
 Paulsen and his cousin, George Wesley Owen, defrauded the Firststar Bank of Ames, Iowa, of $9,848.91 between September 4 and September 11, 1991. Paulsen opened savings and checking accounts at the bank under the name of Mark Pail, using false identification, and claimed to be a student at Iowa State University in Ames. Between September 6 and September 9, he deposited six checks that Owen had stolen from the American Play Systems, Inc., (APSI), of Lee's Summit, Missouri. The checks were payable to Mark Pail and endorsed by Paulsen. The total amount deposited was $25,400. Paulsen requested cash back from several of these deposits. Paulsen also wrote two of the counter checks he had received from the bank when he opened the account. He made the checks payable to Brian Rice and Kyle Lynch, aliases used by Owen, and Owen cashed both checks. Paulsen participated in other bank frauds with Owen in Sioux Falls, South Dakota, between September 17 and September 30, 1991, involving $13,800 in actual and potential losses.
 
 
 3
 Following Paulsen's guilty plea, the presentence report (PSR) calculated Paulsen's base offense level as 6, see United States Sentencing Commission, Guidelines Manual § 2F1.1(a) (Nov. 1991) [hereinafter U.S.S.G.], and increased his offense level by four levels because of the amount of the loss, $23,648.91, id. § 2F1.1(b)(1)(E). The PSR also recommended a two-level increase for more than minimal planning under guidelines section § 2F1.1(b)(2)(A) and denial of a minor-participant reduction under guidelines section § 3B1.2. Paulsen filed several objections to the PSR, but the only ones relevant to this appeal concern his challenges to the more-than-minimal-planning increase and the denial of the minor-participant reduction. Paulsen argued that he did not participate in any planning of the offense and maintained that he was less culpable than Owen. He pointed out that Owen was the mastermind behind the scheme, Owen possessed the APSI checks, Owen provided the check printer and typewriter, Owen had the means to obtain the false identification, and Owen directed his actions.
 
 
 4
 Following a sentencing hearing, the District Court denied Paulsen's objections. The Court found the more- than-minimal-planning increase warranted because Paulsen had been involved in the planning of the offense to some degree and had committed a number of acts over a period of time. The Court also rejected Paulsen's request for the minor-participant reduction on the ground that the role Paulsen had played in the offense did not make him substantially less culpable than Owen. The court observed that Paulsen's participation demonstrated a knowledge and understanding of the scope and structure of the enterprise and revealed that he was fully culpable for the commission of the offense. On appeal, Paulsen argues that the District Court erred by denying his objections and reiterates the arguments he raised in the District Court.
 
 
 5
 We review the denial of a minor-participant reduction under the clearly-erroneous standard. United States v. Wilson, 955 F.2d 547, 551 (8th Cir. 1992). "For purposes of § 3B1.2(b), a minor participant means any participant who is less culpable than most other participants...." U.S.S.G. § 3B1.2, comment. (n.3). Section 3B1.2 "provides a range of adjustments for a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." Id. (backg'd.). A defendant is not ipso facto substantially less culpable merely because he is somewhat less fully involved in the offense than is a codefendant. See United States v. West, 942 F.2d 528, 531 (8th Cir. 1991) (father's greater culpability did not entitle son to minor-participant reduction).
 
 
 6
 The District Court did not clearly err by denying the reduction. Paulsen's actions indicate that he was "deeply involved" in this offense. Id. at 531. Moreover, Paulsen committed most if not all of the acts necessary to facilitate the fraud. See United States v. Goebel, 898 F.2d 675, 677 (8th Cir. 1990). He obtained false identification, opened two accounts using the false ID, made several deposits with knowledge that the checks he had deposited were worthless, requested cash back from some of these deposits, and wrote two checks payable to aliases used by Owen to withdraw money from the account. While Owen may be more culpable in terms of overall planning, this does not diminish Paulsen's culpability or entitle him to the reduction as a matter of law.
 
 
 7
 Likewise, the District Court did not clearly err by imposing the two-level more-than-minimal-planning increase. See United States v. Lublin, 981 F.2d 367, 370 (8th Cir. 1992). The Guidelines provide that more than minimal planning "is deemed present in any case involving repeated acts over a period of time, unless it is clear that each instance was purely opportune." U.S.S.G. § 1B1.1, comment. (n.1(f)). Here, Paulsen made six deposits over a three-day period under an assumed name in order to defraud the bank. He also wrote two counter checks made payable to aliases of Owen to facilitate the fraud. These acts support the increase, notwithstanding that Owen apparently did most of the planning.
 
 
 8
 The judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable William G. Cambridge, United States District Judge for the District of Nebraska