_____

No. 96-2390
_____

United States of America,        *
                                *
     Appellee,            *
                                *   Appeal from the United States
     v.                   *   District Court for the
                                *   District of Nebraska.
Terri A. Payseno,          *
                                *
     Appellant.          *

_____

Submitted:   December 10, 1996

Filed:   January 8, 1997
_____

Before WOLLMAN, BRIGHT, and MURPHY, Circuit Judges.
_____

MURPHY, Circuit Judge.


Terri A. Payseno appeals from her eighteen month sentence for interstate transportation of stolen property in violation of 18 U.S.C. § 2314. She charges that the district court erred in enhancing her guidelines sentence. We remand for resentencing.


In calculating her total offense level, the district court imposed a two level increase for more than minimal planning under U.S.S.G. § 2B1.1(b)(4)(A) and a four level increase for being in the business of receiving and selling stolen goods under U.S.S.G. § 2B1.1(b)(4)(B). Payseno contends on appeal that U.S.S.G. § 2B1.1(b)(4) does not permit enhancements under both subparts (A) and (B), and that while she admits to transporting stolen property, the record does not establish that she was in the business of receiving and selling stolen goods. She also argues that the addition of both enhancements to the offense level for her

underlying charge amounts to impermissible triple counting. The United States concedes that enhancement under both subparts (A) and (B) is improper, but argues that Payseno did not raise her objections to the district court, that there is no need to remand because her sentence is still within the appropriate guideline range, and that the record established she was in the business of receiving and selling stolen goods.

The correct application of the guidelines is a question of law subject to de novo review, see United States v. Werlinger, 894 F.2d 1015, 1016 (8th Cir. 1990), but factual determinations are reviewed under a clearly erroneous standard. See United States v. Phillippi, 911 F.2d 149, 152 (8th Cir. 1990).

The Presentence Investigation Report (PSR) contains Payseno's admission to selling stolen animal pharmaceuticals and implants. Some of these items she stole from places where she worked, and others she burglarized elsewhere. She also received stolen pharmaceuticals and implants from Tim Lewis which she then sold. The PSR indicated that there was a factual basis for enhancements under U.S.S.G. §§ 2B1.1(b)(4)(A) and (B).

The only written objection to the PSR made on her behalf related to the calculation of the value of losses to the victims, but at the sentencing hearing Payseno tried to explain how she came to obtain goods from Lewis. Since her remarks appear to have been offered as an objection to the four point enhancement, that issue is sufficiently preserved on appeal. The district court may receive objections at any time before imposition of sentence, Fed. R. Crim. P. 32(b)(6)(D), and the rules provide an opportunity at the sentencing hearing to comment on the PSR, Fed. R. Crim. P. 32(c)(1). After hearing the comments of the parties, the court adopted the factual statements in the PSR as its findings of fact

and proceeded to calculate the guideline range and impose sentence.

The court's factual findings indicate that Payseno received and sold stolen goods for profit over an extended period of time. Her own version of the facts in the PSR included an admission that she specifically purchased products from Lewis which she knew were stolen. The record was sufficient to support the finding that Payseno was in the business of receiving and selling stolen goods and to support the application of the U.S.S.G. § 2B1.1(b)(4)(B) enhancement. Under these circumstances, it is not necessary to employ either of the two competing tests used in other circuits to determine whether someone is in such a business.[1]

Payseno argues that adding the two and four level enhancements to her offense level for the underlying crime amounts to triple counting, citing <u>United States v. Werlinger</u>, 894 F.2d 1015 (8th Cir. 1990). <u>Werlinger</u> held that enhancements for both embezzlement and obstruction of justice could not be based on the exact same behavior. In contrast, Payseno will not be punished twice for the same behavior if one of the enhancements is applied. She pled to interstate transportation of stolen property with a value of more than $20,000, for which she was assigned an offense level of 6 under U.S.S.G. § 2B1.1(b)(1)(G). This offense level can be properly enhanced under § 2B1.1 (b)(4) for more than minimal

---

[1]Under the "fence" test, the government must show that the defendant was a person who buys and sells stolen property, and thereby encourages others to commit property crimes. <u>See</u> <u>United States v. Warshawsky</u>, 20 F.3d 204, 214 (6th Cir. 1994); <u>United States v. Esquivel</u>, 919 F.2d 957, 959 (5th Cir. 1990); <u>United States v. Braslawsky</u>, 913 F.2d 466, 468 (7th Cir. 1990). Under the "totality of the circumstances" test, the district court undertakes a case by case examination of the facts focusing on the "regularity and sophistication of a defendant's operation." <u>United States v. Zuniga</u>, 66 F.3d 225, 228 (9th Cir. 1995) (citation omitted) (internal quotations omitted); <u>see also</u>, <u>United States v. King</u>, 21 F.3d 1302, 1306 (3d Cir. 1994); <u>United States v. St. Cyr</u>, 977 F.2d 698, 703 (1st Cir. 1992).

planning or for being in the business of receiving and selling stolen goods.  Neither of these enhancements is based on the same

criminal behavior as her underlying charge.

Both parties agree that the district court erred in imposing both the two level enhancement under § 2B1.1(b)(4)(A) and the four level enhancement under § 2B1.1(b)(4)(B). Section 2B1.1(b)(4) is written with the conjunction "or" between subparts (A) and (B). The clear meaning is that one enhancement or the other may be applied to the offense level, but not both.

The government argues that a remand is unnecessary because even if the two level enhancement were eliminated, the 18 month sentence previously imposed would be within the new guideline range of 12-18 months. The government's argument assumes that the district court would remove that enhancement, rather than the four level enhancement, and select 18 months as the appropriate point in the guideline range. The 18 month sentence was at the low point of the original guideline range of 18-24 months, however. Reducing her offense level by two would make an 18 month sentence the longest sentence possible within the appropriate range. The district court should have the opportunity to consider the possibilities.

Accordingly, the imposition of both enhancements in § 2B1.1(b)(4) is reversed, and the case is remanded for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.