# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2628

_____

United States of America,      *
      *
      Appellee,      *
      *    Appeal from the United States
      v.      *    District Court for the Western
      *    District of Arkansas.
Mark Kevin Alexander,      *
      *      [UNPUBLISHED]
      Appellant.      *

_____

Submitted: March 21, 2001
Filed: March 28, 2001

_____

Before BOWMAN, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Mark Kevin Alexander pleaded guilty to aiding and abetting the possession of cocaine base with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). Denying Alexander's request for a mitigating-role reduction under U.S.S.G. § 3B1.2, the district court[1] sentenced him to 97 months imprisonment and 5 years supervised release. On appeal, Alexander argues that the court erred in denying him a mitigating-role reduction.

_____

[1]The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas.

We conclude the district court not clearly err in denying the role reduction, because Alexander failed to prove entitlement to it.  See United States v. O'Dell, 204 F.3d 829, 837 (8th Cir. 2000) (burden and standard of review).  Even if Alexander was less involved in the criminal acts than his codefendant, Alexander could not be described as a "minor participant," given that he made the arrangements with a confidential informant for three drug transactions, and he transported both the drugs and his supplier to his residence more than once.  See U.S.S.G. § 3B1.2, comment. (n.3) ("minor participant means any participant who is less culpable than most other participants, but whose role could not be described as minimal"); United States v. Martinez, 168 F.3d 1043, 1048 (8th Cir. 1999) (role as courier/mule in drug-distribution scheme does not necessarily entitle individual to § 3B1.2 reduction; noting transportation is necessary part of offense, and facts of case are critical in considering reduction); United States v. Jones, 145 F.3d 959, 963 (8th Cir.) (defendant who is concededly less culpable than codefendants is not entitled to § 3B1.2 reduction if that defendant was "deeply involved" in criminal acts), cert. denied, 525 U.S. 988 (1998); United States v. Ellis, 890 F.2d 1040, 1041-42 (8th Cir. 1989) (per curiam) (rejecting argument that defendant should have been found to be minor participant because he did not profit from drug transaction and only arranged it as favor for relative; defendant's role was analogous to that of drug courier).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.