# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3315

_____

United States of America,

        Appellee,

v.

Lucio Martinez-Morfin,

        Appellant.

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*     [UNPUBLISHED]
\*

_____

Submitted: October 4, 2006
Filed: October 18, 2006

_____

Before SMITH, MAGILL, and BENTON, Circuit Judges.

_____

PER CURIAM.

Lucio Martinez-Morfin appeals the 120-month prison sentence imposed by the district court[1] after Morfin pleaded guilty to conspiring to distribute and possess with intent to distribute more than 500 grams of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. On appeal, Morfin argues the district court erred in not applying a minor-role reduction under U.S.S.G. § 3B1.2 because it did not correctly compare Morfin's actions with those of a co-defendant who received a minor-role reduction.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

The district court did not clearly err in denying the minor role reduction because Morfin's admitted knowledge of the drug-transportation and distribution plans showed that he was "deeply involved" in the conspiracy.  See United States v. Bustos-Torres, 396 F.3d 935, 947-48 (8th Cir.) (district court's factual determination of defendant's role in offense may be reversed only if it is clearly erroneous, and it is defendant's burden to prove role reduction is warranted), cert. denied, 125 S. Ct. 2557 (2005) and 126 S. Ct. 203 (2005); United States v. Bush, 352 F.3d 1177, 1182 (8th Cir. 2003) (showing defendant is less culpable than other defendants is not enough to entitle defendant to minor-role adjustment if defendant was deeply involved in offense); United States v. Goebel, 898 F.2d 675, 678 (8th Cir. 1990) (recognizing significant role that distributors play in criminal drug activity).

Accordingly, we affirm.

_____