[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2012
JOHN LEY
CLERK

No. 11-14658
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-20896-JAL-4

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JAHMAL AKEEM MARTIN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 6, 2012)

Before WILSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Jahmal Martin appeals the district court's application of a two-level sentencing enhancement based on his leadership role in the robbery to which he pled guilty. Finding no clear error on the part of the district court, we affirm.

Martin and several codefendants were charged in a multiple count, superseding indictment for robberies and related offenses. Martin pled guilty to Hobbs Act robbery, 18 U.S.C. § 1951(a), and possession of a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(ii). At sentencing, the parties stipulated that Martin "directed" his coconspirators to commit the armed robbery to which he pled guilty. Martin promised them that they would earn "good money" if they committed the robbery and would not be punished severely due to their young age. He supplied them with guns from his "drug hole," drove them to the scene, and served as the getaway driver. After completion of the robbery, Martin's coconspirators gave him the money and property that they had stolen in return for a "small amount of money." Based on these facts, the district court applied, over Martin's objection, a two-level enhancement for his aggravating role in the offense. *See* U.S.S.G. § 3B1.1(c).

We review the district court's decision to apply an aggravating-role enhancement for clear error. *United States v. Martinez*, 584 F.3d 1022, 1025 (11th Cir. 2009). Under this standard, we will not reverse unless left with a "definite

and firm conviction that a mistake has been committed." *United States v. Poirier*, 321 F.3d 1024, 1035 (11th Cir. 2003) (quotation omitted).  Facts contained in a PSI are deemed admitted and may be used to support a guideline enhancement unless a defendant objects to the facts before the sentencing court.  *United States v. Beckles*, 565 F.3d 832, 844 (11th Cir. 2009).  Similarly, although stipulated facts are not binding on a district court, they may be used along with the PSI to assist the court in making factual findings at sentencing.  *United States v. Forbes*, 888 F.2d 752, 754 (11th Cir. 1989).

Application of the aggravating-role enhancement requires that (1) the defendant undertake the role of "an organizer, leader, manager, or supervisor" in the crime and (2) the nature of the offense does not qualify for a higher-level enhancement under U.S.S.G. § 3B1.1.  *See United States v. Yeager*, 331 F.3d 1216, 1226 (11th Cir. 2003).  To apply, evidence must support a finding that "the defendant exerted some control, influence[,] or decision-making authority over another participant in the criminal activity."  *Martinez*, 584 F.3d at 1026.  Thus, a "defendant who merely suggests committing the offense" is not a leader or organizer under the guidelines.  U.S.S.G. § 3B1.1 cmt. 4.  However, evidence showing that the defendant exerted influence or control over even one other individual will be sufficient to support an enhancement under § 3B1.1(c).  *Id.* cmt.

3

2; *see United States v. Lozano*, 490 F.3d 1317, 1323 (11th Cir. 2007) (affirming a § 3B1.1(c) enhancement where the defendant instructed at one least coconspirator to engage in criminal conduct and was "intricately involved in the offense").

Martin argues that the district court erred because he merely performed an assigned role of furnishing guns and driving the getaway car. He further asserts that he did not recruit his coconspirators, as they were already involved in illegal activities. And similarly, Martin contends that he was not such a crucial participant in the crime, which is evident by the fact that his coconspirators planned multiple other robberies without his participation or supervision. Martin's arguments do not establish clear error on the part of the district court because his contentions do not undermine the facts establishing his role *in this particular robbery*, which is the crime for which he received the sentencing enhancement. Although his coconspirators may have been led by other individuals when they committed other crimes, that does not change the facts surrounding this particular robbery offense.

The district court considered the stipulated facts and those uncontested in the PSI when it applied the two-level enhancement under U.S.S.G. § 3B1.1(c). Based on these facts, the sentencing court could properly find that Martin planned the crime, enticed his coconspirators to join him in committing the crime, supplied

4

the group with weapons, and collected and distributed the bounty from the robberies. The commentary to the guidelines recognizes that these factors indicate that a defendant qualifies for an aggravating-role enhancement. *See* U.S.S.G. § 3B1.1 cmt. 4. We are therefore not left with a "definite and firm conviction that a mistake has been committed," *Poirier*, 321 F.3d at 1035, and we affirm the district court's application of the sentencing enhancement.

**AFFIRMED.**