[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14115
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00047-CDL-MSH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YANCY CRAFT,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 23, 2014)

Before HULL, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Appellant Yancy Craft pled guilty to one count of knowingly receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A).  In exchange for Craft's guilty plea, the Government stipulated in a written plea agreement that, for purposes of sentencing, Craft possessed three images of child pornography.  However, subsequent forensic examination of Craft's computer and hard drives revealed more than 3,900 prohibited images.  Consequently, in preparing the presentence investigation report, the probation officer applied a five-level enhancement under U.S.S.G. § 2G2.2(b)(7)(D) because Craft's offense involved 600 or more images.  The § 2G2.2(b)(7)(D) enhancement, together with other adjustments and Craft's criminal history category of I, yielded an advisory guidelines range of 151 to 188 months' imprisonment.  At sentencing, Craft asked the district court to accept the stipulation in the plea agreement and sentence him based on his possession of three images.  The district court declined to accept the stipulation and sentenced Craft to 151 months' imprisonment.  On appeal, Craft argues the district court should not have sentenced him based on his possession of more than 3,900 images of child pornography but, instead, should have accepted the stipulation in the plea agreement and sentenced him based on only three images.

The district court did not err by declining to accept the stipulation in Craft's plea agreement.[1] We have explained that, in calculating a defendant's sentence, the district court is not bound by the parties' stipulations. *United States v. Forbes*, 888 F.2d 752, 754 (11th Cir. 1989). The Guidelines also provide that "[t]he court is not bound by [the parties'] stipulation, but may with the aid of the presentence report, determine the facts relevant to sentencing." U.S.S.G. § 6B1.4. As the guidelines commentary notes, "the court cannot rely exclusively upon stipulations in ascertaining the factors relevant to the determination of sentence." U.S.S.G. § 6B1.4 (commentary). "Rather, in determining the factual basis for the sentence, the court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information." *Id.* In calculating Craft's sentence, the district court considered the stipulation, together with other relevant information, including the results of the presentence investigation and a forensic analysis which revealed that Craft possessed more than 3,900 images of child pornography. The court did not err in its application of the Guidelines and we affirm.

**AFFIRMED.**

---

[1] "[I]n assessing a district court's imposition of an offense-level enhancement, we review the court's findings of fact for clear error and its application of the Sentencing Guidelines *de novo*." *United States v. Lopez-Garcia*, 565 F.3d 1306, 1313 (11th Cir. 2009) (internal quotation marks omitted).