955 F.2d 764
 293 U.S.App.D.C. 436
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Gregory MILES, Appellant.
 No. 91-3122.
 United States Court of Appeals, District of Columbia Circuit.
 Feb. 27, 1992.
 
 Before WALD, STEPHEN F. WILLIAMS and D.H. GINSBURG, Circuit Judges.
 
 JUDGMENT
 PER CURIAM
 
 1
 This cause came to be heard on the appeal of the defendant from the judgment of the District Court, and it was briefed and argued by counsel. The issues have been accorded full consideration by the Court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c). For the reasons stated in the accompanying Memorandum, it is
 
 
 2
 ORDERED and ADJUDGED, by the Court, that in No. 91-3122, the judgment is affirmed.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Gregory Miles appeals from a sentence of the district court imposed after he pled guilty to one count of unlawful distribution of crack cocaine. He was sentenced to 40 months imprisonment to be followed by four years of supervised release. He appeals from this sentence on the grounds that the district court abused its discretion in denying him a two-level downward adjustment for being a "minor participant" in the offense. Because we find that the record amply supports the district judge's conclusion that appellant was not a minor participant in the offense, it was not clearly erroneous for the district court to reject appellant's argument for a two-level downward adjustment. We affirm.
 
 I. BACKGROUND
 
 5
 On August 2, 1990, Officer Donald Scott of the Metropolitan Police Department was off duty and having his truck washed at a gas station when appellant approached him and struck up a conversation. They spoke for an hour or two. See Transcript of Testimony of Officer Donald Scott at the Suppression Hearing on January 28, 1991 (filed Sept. 10, 1991) at 4. During this conversation, appellant told Officer Scott that he sold cocaine. Appellant reached into his pocket and showed Officer Scott "at least half an ounce of cocaine." Id. at 16. Officer Scott then observed what appeared to be a drug transaction between appellant and someone in a car. Over the next few weeks, Officer Scott saw appellant at the gas station five or six times, but he only had one brief conversation with him. Id. at 9.
 
 
 6
 Four weeks later, on August 30, 1990, Officer Scott was working under cover and asked appellant if he had any drugs. He said that he did not but that he knew where he could get some. Appellant got into Officer Scott's truck, and the two drove a few blocks. They stopped in front of the house of Robert Walker, appellant's co-defendant. Appellant told Walker that he wanted to buy "two 50's," and Walker went inside his house. Id. at 4. He returned with the drugs and handed them to appellant. Officer Scott then gave Walker $100, and appellant handed the drugs to Officer Scott. Id. at 5. Officer Scott dropped appellant off and returned to his office where he tested the drugs. They tested positive for cocaine.
 
 
 7
 On December 6, 1990, appellant and Robert Walker were named in a five-count indictment. Appellant was named only in Count One, which referred to the transaction occurring on August 30, 1990.[1] On March 7, 1991, appellant pled guilty to Count One. At the sentencing hearing, appellant objected to the probation officer's recommendation that he not receive a two-level reduction for acceptance of responsibility. See Transcript of Sentencing Hearing on May 8, 1991 (filed June 12, 1991) ("Sentencing Transcript") at 2. The district judge agreed with appellant and gave him a two-level downward adjustment.
 
 
 8
 Appellant also argued at sentencing that he should receive a further two-level downward adjustment for being a "minor participant" in the offense described in Count One. He asserts that he was only a "steerer"--someone who brings customers into an area where drugs are freely sold. Id. at 3. The district court denied appellant's request: "The court agrees that Mr. Miles was not a minor player in the distribution of cocaine base and declines to grant a downward departure from the guidelines on this basis." Id. at 8-9.[2] With a Criminal History Category of IV and a base offense level of 16 (the original level of 18 having been reduced by two levels for acceptance of responsibility), appellant faced a range of 33 to 41 months imprisonment. The district court sentenced him at the upper end of the range because it found "that the violent nature of the defendant's prior offenses and his failure to comply with prior sentences of supervision warrant a sentence of 40 months." Id. at 9.
 
 II. DISCUSSION
 
 9
 The Sentencing Guidelines provide for the downward adjustment of a defendant's offense level based on a mitigating role in the offense:
 
 
 10
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 
 
 11
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 
 
 12
 Sentencing Guidelines § 3B1.2 (1991).
 
 
 13
 The Sentencing Commission recognized that "whether to apply subsection (a) or subsection (b), or an intermediate adjustment, involves a determination that is heavily dependent upon the facts of the particular case." Id. (background commentary). It is a question of fact that will be overturned only if clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217 (4th Cir.1989); United States v. Wright, 873 F.2d 437, 444 (1st Cir.1989) ("We think that our review of the district court's decision whether a defendant is a 'minor' or 'minimal' participant in an offense is an instance where 'clearly erroneous' review is appropriate.").
 
 
 14
 In this case, appellant argues that defendant was a minor participant in the transaction occurring on August 30, 1990. First, appellant did nothing more than direct Officer Scott to "an outdoor drug market." Brief for Appellant (filed Sept. 5, 1991) at 7. There was no evidence that he had an arrangement with co-defendant Walker or that he even knew him. Second, appellant was not paid, and it did not appear that he profited from the transaction in any way. And, finally, Officer Scott continued to do business with co-defendant Walker long after appellant was arrested. Appellant insists that he was obviously not a critical link in co-defendant Walker's drug trade.
 
 
 15
 Appellant presented these arguments in writing, see Defendant's Memorandum-in-Aid-of-Sentencing (filed Apr. 17, 1991) at 3-6, and orally at the sentencing hearing, see Sentencing Transcript at 3-4. The record in this case clearly establishes that it was not clearly erroneous for the district judge to conclude that appellant was not a minor participant in the offense. First, appellant was instrumental in the August 30, 1990 offense, bringing Officer Scott to co-defendant Walker's house and acting as a "middle man" for the entire transaction.[3] While it is true that there was no evidence introduced at the suppression hearing to show that the co-defendants knew one another or that they had had a prior relationship, the clear inference to be drawn from the undisputed facts is that appellant knew something about co-defendant Walker's ability to supply drugs; otherwise, appellant would not have brought Officer Scott to see him. That they may not have been long-time business associates or even acquaintances prior to August 30, 1990 is simply immaterial. The Guidelines contemplate an adjustment in the offense level of a defendant who is "substantially less culpable that the average participant." Sentencing Guidelines § 3B1.2 (background commentary). The district court's determination that appellant was not substantially less culpable than co-defendant Walker was not clearly erroneous.
 
 
 16
 Second, the fact that appellant did not appear to profit from this transaction is not sufficient, in and of itself, to transform him into a minor participant. See United States v. Glasco, 917 F.2d 797, 800 (4th Cir.1990) (defendant purchased and then resold crack "at no profit to himself, but merely as a favor"; court determined that defendant was "a major participant in a minor operation" rather than a minor participant in a major operation, as contemplated by section 3B1.2), cert. denied, 111 S.Ct. 1120 (1991); United States v. Ellis, 890 F.2d 1040, 1041-42 (8th Cir.1989) (defendant did not profit from transaction and only arranged it as favor for a relative; because "Ellis agreed to participate fully in the distribution of cocaine," district court's finding that Ellis was not minor participant was not clearly erroneous).
 
 
 17
 Third, it is true that Officer Scott was able to buy drugs from co-defendant Walker without appellant's assistance, but it was appellant who had introduced Officer Scott to Walker in the first place. Appellant was not charged or sentenced based on the transactions occurring after he was arrested; the only issue was appellant's role in the August 30, 1990 transaction.[4]
 
 III. CONCLUSION
 
 18
 For the reasons stated above, the district court's conclusion that appellant was not entitled to a two-level downward adjustment for being a "minor participant" was not clearly erroneous. The judgment of the district court is affirmed.
 
 
 
 [1]
 Officer Scott continued his relationship with co-defendant Walker for over two months, and Counts Two through Five of the indictment allege various distributions of cocaine base during that period. There is no question that appellant was not involved in any of these subsequent transactions; indeed, he has been incarcerated since the afternoon of August 30, 1990
 
 
 [2]
 The district court clearly intended to deny a downward adjustment rather than a downward departure
 
 
 [3]
 Appellant mistakenly looks to United States v. Colon, 884 F.2d 1550 (2d Cir.), cert. denied, 493 U.S. 998 (1989), for support for his argument that a "steerer" is a minor participant. The Colon court found that " '[s]teerers' play an important role in street-level drug transactions, directing buyers to sellers in circumstances in which the sellers attempt to conceal themselves from casual observation. Without 'steerers,' buyers would either [sic] find it difficult to locate sellers or sellers would have to risk exposure to public view." Id. at 1552. The court held that a "steerer" such as the defendant could not be deemed a minimal participant. The court did not reach the question of whether he could be deemed a minor participant because the particular sentence imposed could also have been imposed had the two-level reduction been granted, and the court determined that a reduction in the offense level would not have affected the sentence
 
 
 [4]
 It is immaterial that "relevant conduct" under section 1B1.3 of the Sentencing Guidelines may now be taken into account when determining whether a defendant is entitled to an adjustment based on his or her "role in the offense," see United States v. Caballero, 936 F.2d 1292, 1298-99 (1991), cert. denied, 60 U.S.L.W. 3498 (U.S. Jan. 21, 1992) (No. 91-6139). The record is clear that the district court had no reason to look beyond the offense conduct itself in concluding that appellant was not a "minor participant" within the meaning of section 3B1.2 of the Sentencing Guidelines