**UNITED STATES of America, Appellee,**

v.

**Stephen Samuel DUKLEWSKI, Sr., Appellant.**

**No. 77–1392.**

United States Court of Appeals, Fourth Circuit.

Argued Aug. 9, 1977.

Decided Nov. 8, 1977.

Lee Gordon and Jack B. Rubin, Baltimore, Md., for appellant.

Joseph M. Fairbanks, Asst. U. S. Atty., Baltimore, Md. (Jervis S. Finney, U. S. Atty., and Jeffrey S. White, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before RUSSELL, WIDENER and HALL, Circuit Judges.

DONALD RUSSELL, Circuit Judge:

The defendant complains that his retained counsel was coerced by the District Court in withdrawing as his counsel. Withdrawal by counsel under such circumstances represented, he urges by his appeal, a denial of his absolute and unqualified Sixth Amendment right to be represented by counsel of his own choice.

There is no dispute about the circumstances of the counsel's withdrawal. Mr. Rosenthal, an attorney, had served as counsel for the defendant for some months prior to his indictment, and thereafter. The United States Attorney, out of an abundance of caution, on the day the indictment

---

was returned, and at pre-trial conference, promptly brought to the attention of the court his view that an *in camera, ex parte* hearing would possibly be necessary at which time the United States desired to apprise the court regarding information that had come to its attention which could affect the representation of the defendant.

After an additional discussion among the court, counsel, the government and the defendant, all agreed, including the defendant personally, to refer the request, and in essence the oral motion for the *in camera, ex parte* hearing to another judge of the district court for resolution of this issue.[1]

The district judge to whom the case was referred, resolved to, and did conduct an *in camera* conference in chambers. Neither the defendant nor his counsel attended. A record of such hearing was made. This record was sealed. Approximately two weeks later, the district judge met, *ex parte* with the defendant and his counsel on the record. At this hearing, the judge informed defendant's counsel that in order to "prevent any further problems in representation, * * * it would be to the best interest of all that he [the counsel] discontinue his representation of" the defendant. Because of this advice, counsel advised both the defendant and the judge he was withdrawing. When this occurred, the defendant stated to the judge that he did "not understand why the Court had made its recommendation" to his counsel "and asserted that he could not make a 'rational' decision whether to continue to retain Mr. Rosenthal [his counsel] if he didn't know what the substance of the conflict of interest was." He then formally moved the judge to release to him and his counsel the information given him by the District Attorney on the basis of which the judge gave counsel advice to withdraw.

In response to that motion, the Government entered an objection to the release of the information given to the judge at the *ex parte* hearing because "such disclosure would jeopardize extremely sensitive and important investigations which are presently being conducted by this office and a federal grand jury." But it proceeded to add that the Government recognized, "subject to certain limitations," the right of a criminal defendant "to counsel of his choice, even if that counsel may have a conflict of interest with respect to that defendant's case" and that, before being called on to determine intelligently whether a defendant wishes to retain counsel with a conflict of interest, such defendant "may be given some understanding of the situation underlying his putative attorney's conflict." It concluded its response by expressing its willingness "to disclose to the defendant and Mr. Rubin, his attorney, in generic terms, the basis of the alleged conflict and the potential consequences of such a conflict."[2]

The district judge, however, denied the motion without requiring any disclosure by the Government or making any disclosure on his own, even "in generic terms," of "the alleged conflict" or "the potential consequence of such a conflict." Because he contends the procedure followed by the district judge was violative of his Sixth Amendment right to counsel of his own choice, which included the right to make an intelligent waiver of any conflict of interest that counsel might have, the defendant has appealed.

In opposing the appeal, the Government first argues that the judge did not disqualify defendant's counsel or compel him to withdraw, that on the contrary, his withdrawal as counsel was the latter's voluntary, uncoerced act. We are unable to agree. Counsel expressly advised the judge that "a motivating factor in his withdrawal

---

1. At this juncture, there had been no decision by the defendant or his counsel regarding whether the trial would be before the court or a jury, and the procedure of referring this matter to another judge for resolution satisfied the parties and the court. We agree with the pro-

cedure that counsel and the court adopted for the referral of this matter to another judge.

2. Jack B. Rubin in the course of the proceedings to disqualify Richard D. Rosenthal had been substituted as defendant's counsel.

as counsel" was "the inability to counsel his client on the question of conflict of interest." And it is easy to see the position of counsel. Summoned to the judge's chambers and advised by the judge that, as a result of information that the judge had but which he was not at liberty to reveal, he should withdraw, a lawyer would be bold, indeed, to refuse to defer to such advice given by the judge under those unusual circumstances. What the judge did may not have been direct coercion but it was unquestionably coercive in effect. In so concluding, we are not unmindful of the fact that the district judge is well known for his consideration and patience but in a way, this would have made his advice more compelling. Even though we recognize that the judge was probably prompted by a becoming desire to protect counsel from possible future embarrassment, his action did not give proper regard to the defendant's rights; and we are forced to find that counsel's withdrawal was not voluntary and that in effect the district judge had disqualified the retained counsel for the defendant without according to the defendant an opportunity to exercise in an intelligent manner, any right of waiver of such conflict as might exist in counsel's representation.

As the Government's response concedes the defendant was entitled to be told "in generic terms" the basis for any alleged conflict in the representation of his selected counsel and "the potential consequences of such conflict," before the district judge disqualified the defendant's chosen counsel. In making this concession, the Government cites *United States v. Garcia* (5th Cir. 1975) 517 F.2d 272, which set forth "the procedure that a district court should follow before disqualifying defense counsel."[3] In that case, it was held that, before disqualifying counsel, the judge should determine, among other things, that the defendant "understands the details of his attorney's possible conflict of interest and the potential perils of such a conflict"[4] and should then resolve whether the defendant does or does not voluntarily waive such conflict.

Obviously that was not done in this case. We do not think, however, that the judge, in complying with these requirements, was compelled to furnish the defendant with the full details of the communications made to him *in camera* by the United States Attorney, if the judge concluded that the District Attorney's representation that such disclosure would impede or jeopardize an extremely sensitive and important criminal investigation presently being conducted by his office or a federal grand jury was reasonable; but, at least, he could with propriety have given the defendant sufficient information in "generic terms" to have enabled the defendant to make an intelligent choice whether to waive the conflict. So much the Government concedes and we agree. Absent any attempt to comply with the procedures suggested in *Garcia* and set forth *supra*, the disqualification of counsel was improper.

From statements made by counsel during oral argument, however, it would appear that, since the district judge denied defendant's motion, both defendant and his counsel have received information, which, at first glance, appears to us might be regarded as adequate information to guide the defendant in making a rational determination whether to waive his retained counsel's conflict or not, after being fully advised of the legal consequences of such conflict. Accordingly, this proceeding is remanded to the district court in order to provide a proper hearing to the defendant on the disqualification of his retained counsel in the light of the evidence of potential conflict evident in the information now available to him. *See, also, In re: Investigation Before the 1977 Lynchburg Grand Jury—U.S.A. v. Barker, et al.* (4th Cir. 1977) 563 F.2d 652 (decided October 6, 1977).

REMANDED.

---

**3.** *See United States v. Mahar* (5th Cir. 1977) 550 F.2d 1005, 1009, where *Garcia* is reaffirmed.

**4.** 517 F.2d at 278.