**UNITED STATES of America,
Appellant,**

v.

**Darryl S. GRANBERRY, Appellee.**

**No. 89–3055EM.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1990.

Decided July 6, 1990.

Michael W. Reap, St. Louis, Mo., for appellant.

Michael Dwyer, St. Louis, Mo., for appellee.

Before ARNOLD and WOLLMAN, Circuit Judges, and HANSON,* Senior District Judge.

ARNOLD, Circuit Judge.

This is a mail-fraud case. The District Court, 725 F.Supp. 446, dismissed the indictment for failure to allege an offense against the United States. It held that defendant, even assuming all of the well-pleaded facts in the indictment to be true, had not obtained any "money or property" within the meaning of 18 U.S.C. § 1341, as construed by the Supreme Court in *McNally v. United States*, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987). We reverse.

The government charges that the defendant obtained a Missouri school-bus-operator permit from the Missouri Department of Revenue by fraud. Granberry, if the indictment is to be believed, falsified his application for the permit by concealing the fact that he had been convicted of first-degree murder. He then applied to the Normandy School District for a job as a bus driver. He again concealed his murder conviction. If the conviction had been known, the State would not have issued him a license, nor would the School District have hired him.

The indictment alleges that by this conduct defendant obtained "money or property" in a number of different ways. Ten different types of money or property are alleged, as follows:

(A) Money and Property of the Normandy School District:

(1) Money from the Normandy School District in the form of wages paid,

(2) Property of the Normandy School District being the exclusive control of the distribution of a limited number of school bus driving jobs,

(3) Property of the Normandy School District being the exclusive control of how its money is spent,

(4) Property of the Normandy School District being the exclusive control of who it hires to drive its school children to and from school,

(5) Property of the Normandy School District being its control of its tortious liability as a result of the hiring of a First Degree Murderer to drive its school children to and from school,

(6) Property of the Normandy School District, said property being its exclusive control over the persons and type of persons with whom it decided to enter employment agreements and contracts.

(B) Money and property of the State of Missouri:

(1) Property of the State of Missouri being the control of how its Department of Revenue spends its resources processing school bus operator permit applications,

(2) Money of the State of Missouri in the form of expenses and costs of processing a fraudulent school bus operator permit application,

* The Hon. William C. Hanson, Senior United States District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

(3) Property of the State of Missouri being the exclusive control of distribution of school bus operator permits, (4) Property of the State of Missouri being the physical piece of paper namely, the School Bus Operator Permit.

*McNally, supra,* overruling past precedent in this and other lower courts, held that deprivation of the general right of any employer or government to the faithful services of its employees, or to the faithful observance by its citizens of the law, was not a sufficiently definite interest to come within the mail-fraud statute. The basic purpose of the statute was to prohibit the obtaining of money or other property by false representations, and the term "other property" should be given its ordinary meaning. Intangible property can qualify for this protection, *Carpenter v. United States,* 484 U.S. 19, 108 S.Ct. 316, 98 L.Ed.2d 275 (1987), but the indictment must still allege that the injured party has been deprived of something that fairly deserves the label of property under traditional usage. It is our task to apply to this case the line drawn in *McNally* and *Carpenter.*

We do not think that subdivision (B) of the indictment, quoted above, which describes money and property allegedly taken from the State of Missouri, qualifies for protection under the *McNally* rule. These alleged deprivations are on the abstract side of the *McNally* line. A governmental permit may in some sense be property in the hands of the person who receives it, but licensing authorities have no property interest in licenses or permits, and allegations that they were obtained by fraud are not sufficient to state an offense under Section 1341. See *United States v. Murphy,* 836 F.2d 248 (6th Cir.), *cert. denied,* 488 U.S. 924, 109 S.Ct. 307, 102 L.Ed.2d 325 (1988). The physical piece of paper that represents the permit is tangible enough, but it is simply negligible—de minimis as a matter of law and insignificant as a matter of fact, apart from the legal entitlement it represents.

We believe the case is otherwise, however, with respect to some of the deprivations of money and property of the Normandy School District alleged in paragraph (A). The item labeled (A)(1), "Money from the Normandy School District in the form of wages paid," is within the narrowest reading of the statute. Money is money, and *"money"* is specifically mentioned in the statutory words. Defendant argues that the School District would have been out just as much money if he had been truthful, or if in fact he had not been convicted of a felony. It paid for a competent school-bus driver, he argues, and that is what it got. We disagree with this line of reasoning. What the School District wanted was a competent school-bus driver who was truthful and had not been convicted of a felony, and this is not what it got. The School District has been deprived of money in the very elementary sense that its money has gone to a person who would not have received it if all of the facts had been known.

We agree with the defendant that item (A)(5), which attempts to turn into "property" the School District's desire to avoid tort liability, does not qualify under the *McNally–Carpenter* rule. The theory of this allegation twists the word "property" entirely out of its context. Items (A)(2), (3), (4), and (6), however, do amount to "property" within the meaning of the statute. An employment contract is property. It is a chose in action. It represents a right in the employee to be paid agreed-upon wages for services performed, and a right in the employer to demand agreed-upon services for wages paid. And the right to control a thing, for example, money, is an integral part of the property right in the thing itself. When we say that we own something, one of the things that we mean is that we can determine what to do with it. We can either keep it or transfer it to someone else. And we can choose those persons to whom we will transfer it.

If there were any doubt in the matter, our recent opinion in *United States v. Shyres,* 898 F.2d 647 (8th Cir.1990), dispels it. *Shyres* holds that the right of a company "to control spending" of its own funds is intangible property within the meaning of 18 U.S.C. § 1341. 898 F.2d at 652. The

District Court ruled before *Shyres* came down and so did not have the benefit of this opinion, but we must adjudge the case in accordance with the law as it exists at the time of our ruling.

Accordingly, the judgment dismissing the indictment for failure to state an offense must be reversed, and the cause remanded for further proceedings consistent with this opinion. On remand, allegation (A)(5) and the whole of allegation (B) shall be stricken from the indictment. The remaining items of paragraph (A) may be used to instruct the jury.

It is so ordered.[1]

---

1. We note that Congress, in the wake of *McNally*, has amended the statute to repeal the effect of that case, at least in part. Public L. 100–690, Title VII § 7603(a), Nov. 18, 1988, 102 Stat. 4508 (codified 18 U.S.C. § 1346). The amendment, of course, is not retroactive (because of the Ex Post Facto Clause, if for no other reason) and therefore does not apply to the conduct charged in the present indictment.