22 F.3d 783
 UNITED STATES of America, Appellee,
v.
Susan Greenwood OLSON, Appellant.
UNITED STATES of America, Appellee,
v.
Robert Arnold MAMPEL, Appellant.
UNITED STATES of America, Appellee,
v.
Harold Wright GREENWOOD, Jr., Appellant.
UNITED STATES of America, Appellee,
v.
Charlotte Elizabeth MASICA, Appellant.
UNITED STATES of America, Appellant,
v.
Susan Greenwood OLSON, Appellee.
UNITED STATES of America, Appellee,
v.
Robert Arnold MAMPEL, Appellee.
UNITED STATES of America, Appellant,
v.
Harold Wright GREENWOOD, Jr., Appellee.
UNITED STATES of America, Appellant,
v.
Charlotte Elizabeth MASICA, Appellee.
 Nos. 92-1500, 92-1501, 92-1503, 92-1505 and 92-1627 to 92-1630.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Nov. 8, 1993.
Decided April 8, 1994.
Rehearing Denied May 6, 1994 in No. 92-1501.
Rehearing and Suggestion for Rehearing En Banc Denied May
20, 1994 in No. 92-1503.
Rehearing Denied May 25, 1994 in No. 92-1500.
 
 Douglas Thomson of St. Paul, MN, argued (Douglas W. Thomson and Kate Latimer on the brief), for appellant Susan Greenwood Olson.
 Earl Gray, St. Paul, MN, argued, for appellant Robert Arnold Mampel.
 Jarett Decker, Minneapolis, MN, argued (William J. Mauzy and Jarett B. Decker on the brief), for appellant Harold Wright Greenwood, Jr.
 Paul Engh, Minneapolis, MN, argued (Joseph S. Friedberg on the brief), for appellant Charlotte Elizabeth Masica.
 Jon Hopeman, Minneapolis, MN, argued (Francis X. Hermann, Jon Hopeman, Christopher J. Bebel, Henry J. Shea, and Matthew C. O'Toole, on the brief), for appellee and cross-appellant.
 Before FAGG and WOLLMAN, Circuit Judges, and VIETOR,* District Judge.
 PER CURIAM.
 
 
 1
 Following the 1989 collapse of Midwest Federal Savings and Loan Association (Midwest), the Government brought a forty-nine-count indictment against Midwest's president, Harold Wright Greenwood, Jr., and three other officers, Charlotte Elizabeth Masica, Robert Arnold Mampel, and Susan Greenwood Olson (collectively the appellants). The indictment charged the appellants with conspiracy to defraud the United States, wire fraud, securities fraud, racketeering (RICO), misapplication of bank funds, and related crimes. After a complex six-month trial involving nearly nine thousand pages of testimony and hundreds of documentary exhibits, a jury convicted the appellants of most of the charges. The jury also found the appellants' 1988 and 1989 salaries and bonuses were proceeds of RICO criminal activity, and thus, subject to forfeiture. The district court sentenced the appellants and ordered the 1988 and 1989 salaries and bonuses forfeited. The appellants appeal their convictions and the district court's forfeiture order. The Government cross-appeals the sentences of Masica, Mampel, and Olson, but abandons its cross appeal of Greenwood's sentence. We affirm the convictions and forfeitures, but remand for resentencing of Masica, Mampel, and Olson.
 
 
 2
 The appellants raise several claims of reversible error. Having carefully reviewed the record of this well-tried case, we reject the appellants' claims. An extended discussion would not serve any useful purpose because we can dispose of the claims using clearly established rules. The district court did not abuse its discretion in admitting evidence of Olson's extramarital affair with a customer to whom she was making questionable loans, in denying the motions for severance of counts and defendants, or in denying the mistrial motions. Nor did the district court abuse its discretion in denying the appellants' motion for a new trial on the ground the jury foreman was biased. The district court held an evidentiary hearing and properly denied the new trial motion after concluding the jury foreman was not actually biased. See Cannon v. Lockhart, 850 F.2d 437, 440 (8th Cir.1988). We also conclude the district court properly instructed the jury.
 
 
 3
 The appellants also raise several contentions related to the sufficiency of the evidence supporting their convictions. We reject all of these contentions. First, viewing the evidence in the light most favorable to the jury verdict and construing all reasonable inferences in the Government's favor, United States v. Nelson, 988 F.2d 798, 802 (8th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 302, 126 L.Ed.2d 250 (1993), there was ample evidence for the jury to find beyond a reasonable doubt that the appellants committed each of the crimes. Second, the Government did not take inconsistent positions on the evidence, and the evidence presented at trial did not constructively amend the indictment. Third, because the indictment sufficiently alleged a scheme to deprive the United States of money or property, the jury did not improperly convict the appellants of wire fraud based on intangible loss. See United States v. Granberry, 908 F.2d 278, 280-81 (8th Cir.1990), cert. denied, 500 U.S. 921, 111 S.Ct. 2024, 114 L.Ed.2d 110 (1991). Fourth, the jury properly convicted appellants of securities fraud in the sale of subordinated debentures. The Government pleaded and the evidence clearly showed the appellants made material misrepresentations to the debenture buyers. Although the appellants privately sold the debentures primarily to bankers, one-on-one transactions with sophisticated buyers are not excepted from securities fraud law. See Landreth Timber Co. v. Landreth, 471 U.S. 681, 692, 105 S.Ct. 2297, 2305, 85 L.Ed.2d 692 (1985).
 
 
 4
 Finally, the appellants contend the district court should not have forfeited 100% of the salaries and bonuses that the jury found were proceeds of RICO activity. See 18 U.S.C. Sec. 1963(a)(1), (3) (1988). We disagree. Despite complaining in posttrial motions and on appeal that portions of the salaries and bonuses were earned through legal activity, the appellants failed to object to the jury instructions and the verdict form that asked the jury to decide whether each item of salary or bonus was forfeitable in its entirety. Having acquiesced in the all-or-nothing instructions, the appellants waived any objection on appeal. See United States v. Bruce, 984 F.2d 928, 931 (8th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 275, 126 L.Ed.2d 226 (1993). Even if the appellants had preserved the issue, we would still affirm the forfeiture order because viewing the evidence in the light most favorable to the jury's forfeiture findings, United States v. Wiley, 997 F.2d 378, 384 (8th Cir.), cert. denied, --- U.S. ----, 114 S.Ct. 600, 126 L.Ed.2d 565 (1993), the evidence supports complete forfeiture of the salaries and bonuses. In addition, the amount of the forfeitures is not disproportionate to the gravity of the offenses and the amount of the victims' losses, and thus, the forfeitures do not violate the Eighth Amendment's Excessive Fines Clause. Alexander v. United States, --- U.S. ----, ----, 113 S.Ct. 2766, 2775-76, 125 L.Ed.2d 441 (1993). We decline to address Greenwood's claim that his pension benefits are exempt from forfeiture because the issue is not properly before us.
 
 
 5
 Having considered all of the appellants' contentions, we affirm the appellants' convictions and the district court's forfeiture order. We next turn to the Government's cross appeal under 18 U.S.C. Sec. 3742(b), challenging Masica's, Mampel's, and Olson's sentences.
 
 
 6
 The Government contends the district court misapplied U.S.S.G. Sec. 2E1.1(a) (Nov. 1991) in calculating Olson's base offense level at 17 for her RICO conspiracy conviction. We agree. Section 2E1.1(a) provides that the base offense level for a RICO offense is 19, unless the offense level applicable to the underlying racketeering activity is greater. The district court calculated Olson's offense level for her underlying RICO crimes under Sec. 2F1.1, the guideline for fraud and deceit. After finding the amount of loss was greater than $800,000 and the offense did not involve more than minimal planning, the district court calculated Olson's offense level for underlying activity at 17. Because 19 is greater than 17, the district court committed error in failing to give Olson a base offense level of 19 under Sec. 2E1.1(a).
 
 
 7
 Even if the offense level for Olson's underlying RICO activity is applied under Sec. 2F1.1, we believe Olson's base offense level should be 19. In our view, the district court's refusal to increase Olson's offense level for more than minimal planning under Sec. 2F1.1(b)(2)(A) is clearly erroneous. See United States v. West, 942 F.2d 528, 531 (8th Cir.1991). "Almost any crime that consists of a pattern of activity over a long period of time would qualify as an offense involving more than minimal planning." Id. Olson's multiple crimes, committed over a two-year period, clearly warrant an increase to her offense level for more than minimal planning. Thus, whether Sec. 2E1.1(a) or Sec. 2F1.1 is applied, Olson's base offense level for her RICO conspiracy conviction is 19.
 
 
 8
 We also agree with the Government that the district court committed legal error in refusing to increase Masica's, Mampel's, and Olson's offense levels for abusing positions of private trust under U.S.S.G. Sec. 3B1.3. Without specifying the basis for its holdings, the district court merely found an abuse of trust increase did not apply to the three appellants. An increase under Sec. 3B1.3 is appropriate, however, if a defendant "(1) occupied a position of private trust and (2) used [the] position in a manner [that] significantly facilitated the commission or concealment of [the] offense." United States v. Brelsford, 982 F.2d 269, 271 (8th Cir.1992). In this case, Masica and Mampel concede they occupied positions of private trust at Midwest, and Olson's position as vice-president in charge of a corporate lending division was similarly a position of trust for purposes of Sec. 3B1.3. See id. at 271-72. Further, the record amply supports a finding that the three appellants used their positions significantly to facilitate the commissions of their crimes and to conceal their criminal activity. See id. at 272-73. Because our review of the record leaves us with "the definite and firm conviction that a mistake has been committed," we conclude the district court's findings that the appellants did not abuse positions of private trust are clearly erroneous. United States v. Goebel, 898 F.2d 675, 678 (8th Cir.1990); see United States v. McMillen, 917 F.2d 773, 775-776 (3d Cir.1990).
 
 
 9
 The Government also contends the district court committed error in decreasing Masica's and Mampel's offense levels for minor participation in the criminal activity under U.S.S.G. Sec. 3B1.2(b) and in decreasing Olson's offense level for being a minimal participant under U.S.S.G. Sec. 3B1.2(a). After presiding over the six-month trial, the district court found Greenwood was the major participant in the criminal activity and the remaining appellants played lesser roles as Greenwood's soldiers. We cannot say these findings are clearly erroneous. See Goebel, 898 F.2d at 677-78. Thus, the district court properly decreased the appellants' offense levels under Sec. 3B1.2.
 
 
 10
 In sum, we affirm the convictions of Greenwood, Masica, Mampel, and Olson, and the district court's forfeiture order. We vacate the sentences of Masica, Mampel, and Olson, however, and remand the case to the district court for resentencing consistent with this opinion.
 
 
 
 *
 The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, sitting by designation