# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2016SI

———————

United States of America,     *

                              *

           Appellee,     *     Appeal from the United States

                              *     District Court for the Southern

    v.                          *     District of Iowa.

                              *

Mark Stephen Shaner,     *         [UNPUBLISHED]

                              *

           Appellant.     *

———————

Submitted: October 22, 1998

Filed: October 28, 1998

———————

Before FAGG, ROSS, and WOLLMAN, Circuit Judges.

———————

PER CURIAM.

Mark Stephen Shaner, a commodity broker registered with the Commodity Futures Trading Commission, pleaded guilty to one count of converting a commodity fund's property. See 7 U.S.C. § 13(a) (1994). Shaner pledged a commodity fund's certificate of deposit (CD) as collateral for Shaner's personal loans, withdrew $100,000 from the CD to pay for the construction of his home, and ultimately cashed in the CD and used the money to discharge his personal and business loans. In sentencing Shaner, the district court increased Shaner's offense level twelve levels for a loss of more than $500,000 but less than $800,000. See U.S. Sentencing Guidelines Manual § 2B1.1(b)(1) (1997) (U.S.S.G.). Although Shaner agrees the loss associated with his

unlawful conduct "is the greater of the intended loss or the actual loss," United States v. Wells, 127 F.3d 739, 745 (8th Cir. 1997), he disagrees with the result of the district court's calculation. The district court also increased Shaner's offense level two levels for more than minimal planning. See U.S.S.G. § 2B1.1(b)(4)(A). Shaner appeals his sentence. We review the district court's factual findings at sentencing for clear error and the district court's application and construction of the Sentencing Guidelines de novo. See Wells, 127 F.3d at 744-45.

Shaner first contends the district court committed error by failing to reduce the amount of intended loss by the amount Shaner intended to repay. We disagree. The district court found Shaner intended to convert approximately $621,000 of the commodity fund's money to his personal use and at that time Shaner had nothing more than abstract hopes and expectations he might be able to repay the commodity fund and its investors at some point in the future. See id. at 747-48. After carefully reviewing the record and the parties' briefs, we conclude the district court's determination of the amount of Shaner's intended loss is not clearly erroneous.

Shaner also contends the district court committed error in increasing his sentence by two levels for more than minimal planning. We conclude the district court's finding of more than minimal planning is not clearly erroneous given Shaner's affirmative and separate decisions to pledge the commodity fund's CD as collateral for his home, to sign various documents authorizing the use of the fund's money as collateral for Shaner's personal loans, to take $100,000 from the CD for his personal use, and then to withdraw the bulk of the CD and to use it to discharge his business and construction loans with the bank. See U.S.S.G. § 2B1.1 background (explaining more than minimal planning "includes most offense behavior involving affirmative acts on multiple occasions"); United States v. Olson, 22 F.3d 783, 786 (8th Cir. 1994)(per curiam) (holding crime involving pattern of activity over a long period of time implicates more than minimal planning).

Thus, we affirm Shaner's sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.