**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 11-5077**

───────────

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

JUSTIN FOWLER,

               Defendant - Appellant.

───────────

Appeal from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:08-cr-00963-TLW-2)

───────────

Submitted:  July 26, 2012         Decided:  August 7, 2012

───────────

Before MOTZ, KING, and GREGORY, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Russell Warren Mace, III, THE MACE FIRM, Myrtle Beach, South Carolina, for Appellant.  William N. Nettles, United States Attorney, Columbia, South Carolina; A. Bradley Parham, Assistant United States Attorney, Florence, South Carolina; Lanny A. Breuer, Assistant Attorney General, John D. Buretta Acting Deputy Assistant Attorney General, Thomas E. Booth, DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Justin Fowler appeals his conviction and sixty-month sentence following his plea of guilty to attempting to possess with intent to distribute 500 grams or more of cocaine, and marijuana, in violation of 21 U.S.C. § 846 (2006). On appeal, Fowler claims that the magistrate judge's disqualification of his retained counsel due to counsel's previous and continuing professional association with counsel for Fowler's codefendant, his father, violated his Sixth Amendment right to counsel of his choosing. Finding no error, we affirm.

"[T]he Sixth Amendment secures the right to the assistance of counsel, by appointment if necessary, in a trial for any serious crime." Wheat v. United States, 486 U.S. 153, 158 (1988). Although this right to counsel includes the right to counsel of one's choosing, it does not necessarily include the right to choose counsel who may be operating under a conflict of interest. Id. at 159-60; see also Hoffman v. Leeke, 903 F.2d 280, 285 (4th Cir. 1990).

Accordingly, although a court may allow waiver of the right to conflict-free counsel, not all such conflicts may be waived by a defendant because "[f]ederal courts have an independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them."

2

<u>Wheat</u>, 486 U.S. at 160.  Instead, the presumption in favor of a counsel of one's choice may be overcome by a showing of an actual conflict of interest or the serious potential for a conflict of interest.  <u>United States v. Basham</u>, 561 F.3d 302, 323 (4th Cir. 2009).

Further, the court has a duty to anticipate problems with representation and to promptly act to remedy an actual or potential conflict.  <u>Id.</u>  Once a conflict or potential conflict is identified, the court is obligated and has discretion to independently determine whether the continued representation by counsel impedes the integrity of the proceedings and whether the attorney should therefore be disqualified.  <u>Wheat</u>, 486 U.S. at 161-64; <u>United States v. Williams</u>, 81 F.3d 1321, 1324-25 (4th Cir. 1996).  For this purpose, the court has "sufficiently broad discretion to rule without fear that it is setting itself up for reversal on appeal either on right-to-counsel grounds if it disqualifies the defendant's chosen lawyer, or on ineffective-assistance grounds if it permits conflict-infected representation of the defendant."  <u>Williams</u>, 81 F.3d at 1324. (<u>citing</u> Wheat, 486 U.S. at 161-64).

Fowler's initial contention is that the magistrate judge erred in proceeding on the assumption that the professional association of his and his father's attorneys was sufficiently close as to warrant the imputation of conflicts of

3

interest between them.  Having carefully reviewed the record, we conclude that Fowler invited the error of which he complains and has waived review of the issue.

Generally, we will not consider alleged errors that were invited by the complaining party.  United States v. Hickman, 626 F.3d 756, 772 (4th Cir. 2010).  "It has long been recognized that a court can not be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request."  United States v. Herrera, 23 F.3d 74, 75 (4th Cir. 1994) (internal quotation marks omitted).

Here, Fowler's disqualified counsel clearly invited the magistrate judge to assume that any conflict of interest arising from the representation of Fowler and his father as codefendants could be imputed between himself and counsel for Fowler's father.  Fowler may not now challenge the propriety of such an assumption simply because the magistrate judge's ensuing finding that the potential for an unwaivable conflict of interest existed was not as he had hoped.  Accordingly, we find no error in the court regarding counsel below as "associated in law practice."  Fed. R. Crim. P. 44(c)(1).

Fowler also claims that the court erred in concluding that the joint representation of himself and his father presented numerous potential conflicts of interest.  Given our

4

highly deferential standard of review, we find no abuse of discretion.

First, the magistrate judge noted the potential for conflicts of interest normally raised by any situation of joint representation, and that such representation is generally disfavored. The court also recognized that the allegations and charges against Fowler and his father were not identical, and that their familial relationship likely amplified the potential for conflicting interests and the need for independent counsel.

Further, Fowler's other attorney below openly admitted that Fowler's best interests were not necessarily aligned with his father's, thus undercutting Fowler's claim on appeal that the magistrate judge erred by finding a potential for conflict based solely on the Government's representations. Also contrary to Fowler's contentions, the court was not required to more fully apprise itself of the facts and circumstances surrounding the Fowlers' charges or their respective defenses before making a finding regarding the potential for conflict. See Wheat, 486 U.S. at 162. Nor was the magistrate judge required to accept the assurance of disqualified counsel that the two men's defenses would not become acrimonious. Id. at 163. Accordingly, the court properly exercised its discretion in identifying the potential for conflicts of interest. Id. at 164; Basham, 561 F.3d at 324.

5

Last, Justin contends that the district court, having identified the potential for a conflict of interest, failed to comply with Fed. R. Crim. P. 44(c)(2) when determining that counsel should be disqualified.

Rule 44(c)(2) provides the manner in which a court must inquire into the joint representation of multiple defendants. Pursuant to the rule, a trial court must alert a defendant to the risks of joint representation, ensure that he is aware of such risks and has discussed them with counsel, and inform him of his right to the effective assistance of separate counsel. See United States v. Swartz, 975 F.2d 1042, 1049 (4th Cir. 1992). Once a defendant is properly apprised, the court may take appropriate measures to protect his right to counsel. Fed. R. Crim. P. 44(c)(2). The court must ensure that any subsequent waiver of an actual or potential conflict is knowing, intelligent, and voluntary. See Swartz, 975 F.2d at 1048-49.

Justin first claims that the court erred by failing to fully advise him of the facts underlying the potential conflicts of interest it identified. As we have previously expressed, a defendant facing the disqualification of counsel is entitled "to be told in generic terms the basis for any alleged conflict in the representation of his selected counsel and the potential consequences of such conflict." See United States v. Duklewski,

6

567 F.2d 255, 257 (4th Cir. 1977) (internal quotation marks omitted).

Here, the magistrate judge, addressing Fowler personally, clearly explained the nature of its concern, and Fowler, having discussed it with counsel, indicated that he understood the "situation." Accordingly, we find that Fowler was appropriately informed.

Next, Fowler claims that the court should have explicitly offered him the opportunity to personally address the court, express his views regarding any potential conflict, and waive any such conflict. Generally, the colloquy required by Fed. R. Crim. P. 44(c)(2) should allow a defendant to ask any questions he may have regarding the nature and consequences of joint representation and address the court regarding an identified potential for conflict. See Swartz, 975 F.2d at 1048-49; Duklewski, 567 F.2d at 257.

Here, although the magistrate judge did not expressly offer Fowler the chance to ask questions or comment regarding the disqualification of counsel, the court addressed Fowler personally and confirmed that he understood why counsel was being disqualified, and Fowler did not express any desire to discuss the matter further. We find no reversible error in the court's conduct. Fed. R. Crim. P. 52(a).

7

Further, the court, having been repeatedly apprised by Fowler's counsel of Fowler's willingness to waive any potential conflict of interest, did not violate Fed. R. Crim. P. 44(c)(2) or otherwise commit reversible error by failing to elicit from Fowler himself a reiteration of the same willingness, especially in light of the court's determination that the potential conflicts it identified were unwaivable. See Basham, 561 F.3d at 323.

Accordingly, we affirm Fowler's conviction and sentence. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED